# Beates *versus* Retallick.

1. In an action against a clergyman to recover the penalty for marrying a minor a mistake in the declaration as to the time of the marriage was amendable.

2. The minority of the plaintiff's son whose marriage was the cause of the suit was of course a proper subject of proof.

3. The *declarations* of the son that the amount recovered was to be divided between his father and himself were not evidence against his father, the plaintiff in the suit.

4. A verdict in such an action finding the "defendant guilty in manner and form as he stands indicted" was amendable or liable to be put into form with the assent of the jury · or the Court had the power to send the jury out for further deliberation.

ERROR to the Common Pleas of *Lancaster county*.

John Retallic brought an action of debt against the Rev. William Beates, to recover the penalty of £50, prescribed by Act of Assembly for marrying a minor without the consent of the parents. In the declaration it was charged that the plaintiff's son, alleged to be a minor, was married by the defendant on the *twentieth* of June, 1852. At the trial it was offered to prove that the marriage took place on the 27th June. This was objected to, and by leave of the Court the declaration was amended by changing the date.

Notice was given to the defendant to produce the marriage records, but they were not produced. To prove the minority of the son the certificate of a physician was received, it having been agreed that it was to be received as if the doctor were examined personally. The "subject-matter" of the deposition was objected to.

[Beates v. Retallick.]

It was testified that the defendant was told that both the parties married were of age, and that the parents had assented to the marriage. No *written* consent of the parents was asked for by the clergyman.

The marriage was proved by two witnesses, one of whom was the female married, and *the time* of it was testified to by her.

On part of *the defendant* evidence was offered of declarations of the plaintiff's son, whose marriage was the cause of the suit, that his father was to bring suit against the defendant for performing the marriage ceremony, and was to give the son the one-half of the amount recovered. This was rejected.

The Court charged the jury generally, and also in answer to points; and the jury first rendered a verdict finding the "defendant guilty in manner and form as he stands indicted;" but having been sent out again, found for the plaintiff £50 debt, with six cents damages and six cents costs. Judgment was rendered thereon.

It was, *inter alia*, assigned for error—1. That the Court erred in permitting the amendment of the *narr.* 2. In admitting the certificate of the physician as to the birth of the plaintiff's son. 3. In rejecting the declarations of the plaintiff's son as to the suit against the defendant, and the division of the amount recovered. 4. In charging that to avoid the penalty prescribed for marrying a minor, publication of the banns was necessary. 8. In charging that the jury might take into consideration the non-production of a record of the marriage. 10. In sending out the jury to make up a second verdict.

*Ellmaker*, for plaintiff in error.

*Frazer*, for defendant in error, the Court declined to hear.

The opinion of the Court was delivered by

WOODWARD, J.—This was an action against the plaintiff in error, a German Lutheran clergyman in the city of Lancaster, to recover the statutory penalty for marrying the minor son of the plaintiff below, to one Ellen Williams, also a minor, without a prior publication of banns. When issue was joined the declaration charged the marriage to have been celebrated on the 20th June, 1852. On the trial the plaintiff offered to prove a marriage on the 27th *June*, 1852, which being objected to, the Court permitted the plaintiff to amend his *narr.* by substituting the 27th for the 20th, and this is the subject of the first error assigned.

At common law there seems to be no distinction in permitting amendments to be made, whether the action be civil or penal, as is shown by the authorities cited by Mr. Justice KENNEDY in Griffith v. Eshleman, 4 *Watts* 55. The *qui tam* action on the usury

statutes is penal, and yet in Mace *v.* Lovett, 5 *Burr.* 2833, the sum sued for was permitted to be changed after the issue had been made up from 100 pounds to 88 pounds. See also Jones *v.* Ross, 2 *Dal.* 143. Our Act of Assembly of 21st March, 1806, is applicable to penal as well as civil actions, yet it is confined to amendments permitted at common law, which consist in matters of form and not in matters of substance. Per KENNEDY, J., in Griffith *v.* Eshleman.

The inclination of the Courts has always been to a liberal construction of the right of amendment, whether at common law or under the statute. Though a new and different cause of action may not be introduced by way of amendment, whatever is a mere variation of the mode of charging that which is already on the record is generally admissible. And it is well that substantial justice should be unfettered as far as possible from the restraints of formal technicalities. The Act of Assembly on which this action is founded, is penal; and, like all such statutes which act on the offender, is to be strictly construed; but as the offence consists in the *fact* of marrying a minor, and the suit is for that, the date becomes a mere circumstance of description, and, like a misspelled name or any other erroneous incident, may be amended. If the defendant was surprised, he indemnified himself by taking a continuance for a term.

The second error relates to the admission in evidence of the certificate of Dr. Atlee to establish the minority of the plaintiff's son, as follows:

"This is to certify that I attended the wife of Mr. John Retallick, of this city, on the 7th of February, 1834, at which time she was delivered of a son, who is now living, and I believe is called John. JNO. L. ATLEE, M. D.

*Lancaster*, Aug. 22d, 1853."

It was agreed that this should be received in the same manner as if the Doctor was present to be examined, but the "subject-matter," says the bill of exception, was objected to. There could be no objection to the subject-matter, the medium of proof being agreed to, for it tended to fix the birth-day of the plaintiff's son, and, in connexion with other proof on the same point, was properly submitted to the jury.

Not a plausible pretext, much less an argument, can be set up in support of the third error. The declarations of John Retallick, Jr., were no more competent to be given against his father than those of any other man.

We have carefully considered the charge and the answers of the Court to the defendant's points, and we perceive no error in them.

This disposes of all the errors assigned, except the 10th and last, which is that the Court sent out the jury to make up another verdict after one in writing had been given in. The verdict signed

by the jury, as first offered to the Court, was in these words: "This jury find the defendant guilty in manner and form as he stands indicted;" which the Court might have moulded into form in the presence and with the consent of the jury, for it was a substantial finding for the plaintiff.    They refused, however, to receive the verdict, and sent the jury out to deliberate again.    There was no error in this, and the course pursued was more favorable to the defendant than that which might have been adopted.

The judgment is affirmed.