## Roddy *versus* Harah.

1. A contract was for the sale of two tracts at a price per acre for both. Separate ejectments by the vendor for each tract to enforce performance could be maintained, and payment of the whole purchase-money, under a conditional verdict in one ejectment, would be payment of the purchase-money in the other.

2. The court could mould the verdict to administer the equity of the whole contract, by requiring the defendant to pay the purchase-money according to its terms and the plaintiff to file deeds for both tracts, and by so describing the contract as to identify and show that it embraced the land in both ejectments.

3. One of the tracts was subject to a mortgage: in ejectment for the other to enforce performance, the mortgage was evidence, as it might be used to pay off so much of the purchase-money of the first tract, both being included in one contract.

4. The mortgage being an encumbrance, it must be removed before the plaintiff could comply with his contract.

May 11th 1870. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Somerset county :* No. 66, to May Term 1869.

John D. Roddy, on the 1st of April 1868, brought an action of ejectment against William S. Harah for a tract of 200 acres of land in Upper Turkeyfoot township. The land was known as the " Cupp" or " Weimer" tract. Roddy being the owner of the tract in dispute by purchase from David Weimer, on the 17th of October 1864 conveyed it with other tracts to Gratz and Torry. On the 7th of November Roddy executed a mortgage on this tract to Weimer to secure the payment of $2400, in equal annual payments of $800 on the 1st day of October in the years 1865, 1866 and 1867. On the 1st of December 1864 Gratz and Torry gave to Roddy a mortgage on this and other tracts to secure the sum of $55,218.50. On the 13th of November 1865 $800 of the Weimer mortgage was paid, and on the same day Roddy delivered to Harah this paper :—

"Received from Dr. William S. Harah eight hundred dollars in part payment of the surface of the Philippi and Cupp farms, in Upper Turkeyfoot and Milford townships, which we have sold him at fourteen dollars and fifty-four cents per acre, the whole containing about 441 acres.

"November 13th 1865.               "John D. Roddy."

Harah went into possession of the " Cupp" farm in April 1866, has continued to live there, and has made considerable improvements.

On the trial before Rowe, J., the defendant, under objection and exception, gave in evidence a mortgage from Roddy to Harah, dated August 30th 1864, to secure the payment of $9176.62 on

12 P. F. Smith—9

several tracts of land, one of which was the "Philippi" farm mentioned in the receipt to Harah. Attached to the mortgage was the following:—

"Provided further, That the said William S. Harah, &c., shall resort alone to the mortgaged premises hereinbefore described for the payment of the moneys aforesaid, and that beyond said premises said John D. Roddy shall not be liable personally for the payment thereof."

It appeared that there was an ejectment by Roddy against another defendant pending for the Philippi farm at the trial of this case.

The court, having referred to the evidence, charged:—

* * ["The plaintiff then having contracted to sell the land to the defendant, who has paid part of the purchase-money and been put in possession, cannot have an absolute verdict for the land.] Is he entitled to a conditional one?

"A conditional verdict in ejectment is the means whereby a court and jury, together sitting in the place of a chancellor, work out through common-law forms the equities of parties to an executory contract for the purchase and sale of lands. It is adequate whenever the verdict can be so moulded as to comprehend and enforce all the equities. But when, by the machinery of an equitable ejectment, the whole contract cannot be enforced, it is inadequate and inapplicable. It is a substitute for a bill in equity, and a court of equity will not compel specific performance of a contract unless it can execute the whole contract; and the whole contract cannot be executed if part only of it is set out in the bill, for the case proved must be substantially the same case stated upon the record. Further, the court will not adopt chancery principles where they cannot do full and complete justice between the parties; and there are some cases where payment of purchase-money can be enforced only in equity, and ejectment will not lie.

"The plaintiff here sold to the defendant two separate tracts of land—the Cupp farm and the Philippi farm—together containing 441 acres, for an entire consideration; that is to say, for $14.54 per acre for the whole, making $6412.14, and he has brought this ejectment to recover the 'Cupp' tract only. It is apparent that he did not sell nor the defendant buy the 'Cupp' farm at $14.54 per acre, but both tracts together at that average price. The one tract may be much more valuable than the other. The Cupp farm contains 170 acres and 76 perches, neat measure, and if the evidence in relation to the agreement showed it to have been sold to the defendant at that price per acre, there would be no difficulty in framing a verdict. But 441 acres—not 170 acres and 76 perches—were sold at 14.54 per acre. [By fixing this tract in dispute at that price, we shall not enforce the contract made by the parties, but make a new contract for them, which

[Roddy v. Harah.]

may work great injustice to one or the other.] Thus if the Cupp tract is the more valuable, and there shall be a verdict for plaintiff for it, to be released on the payment of $14.54 per acre by defendant within the time specified, he will take good care to pay and redeem it, but he will decline the other tract on the same terms. This would be unconscionable, and not in accordance with the letter or spirit of the agreement, yet this is what the defendant asks us to do.

["But the plaintiff on the other hand says he is entitled to a verdict for the 'Cupp' tract, to be released on the payment of the purchase-money of *both tracts*, namely, $6412.14. This is a more plausible position than the other, for it may be said the defendant shall not retain any part of the land without paying the purchase-money of the whole, the contract being entire. We think, however, it is not tenable.]

"Here are two ejectments—one for the 'Cupp' tract against Harah, the purchaser; the other for the Philippi tract against a different defendant. The tracts were purchased together for an entire consideration. The plaintiff must have the same verdict in each case; if to be released on payment of the whole purchase-money of both tracts in the one case, it must be so in the other. Then $6412 being the whole consideration of both farms, the plaintiff will recover the Cupp farm, the recovery to be released on the payment of $6412; and he will at the same time recover the Philippi farm, to be released on the payment of $6412.

"If he pays the whole sum in the first case and not in the second, he loses the second tract finally by the terms of the verdict, though he has paid the full consideration for both. Again, it will not escape notice that where two tracts are sold for an entire consideration, and a separate ejectment is brought for each to enforce payment, difficulties must arise in the appropriation of payments and the disposition of encumbrances. In the same case where ejectment is brought to recover one tract only, a deed for that tract alone is obtained by the purchaser, though he is compelled to pay the purchase-money of both.

"For these reasons we think the plaintiff must bring his ejectment in such cases as the one in hand, for all the tracts in the same action; to which there would seem to be no objection, even if the separate tracts are in the possession of different persons. At all events, the plaintiff is not without remedy, either at law or in equity, for he may have an action at law for damages, or a bill in equity for specific performance.

["As the plaintiff is not entitled to an absolute verdict, and we are unable to frame a conditional verdict so as to do full and complete justice between the parties, it follows that the plaintiff cannot recover at all in this action, and your verdict must be for the defendant."]

[Roddy *v.* Harah.]

The verdict was for the defendant. The plaintiffs sued out a writ of error, and assigned numerous errors, amongst which were the admission of the evidence before mentioned, and the parts of the charge included in brackets.

*Koontz & Colborn* and *Kimmel & Meyers*, for plaintiff in error.

*S. Gaither*, for defendant in error.

The opinion of the court was delivered, July 6th 1869, by

AGNEW, J.—The court below erred in holding that there could be no conditional verdict, because separate ejectments were brought for the two tracts contained in the contract of purchase. It was rather a singular impression that payment of the whole purchase-money under a conditional verdict in one ejectment would not be payment of the same money in the second, under an entire contract for both tracts. And it was also strange that in an ejectment for one tract the deed required to be made by the plaintiff under the contract for both, must necessarily be confined to the one described in the particular ejectment. The ejectment being founded on the legal title of the plaintiff, and his titles being several, there was nothing to prevent his bringing several ejectments. It is the defendant who opposes the equity of the contract to the recovery, and this he does in each case. But when he has done this, what is there to prevent the court from moulding the verdict to administer the equity of the whole contract for both the tracts? That would be by requiring the defendant to pay the purchase-money according to its terms, and requiring the plaintiff to make and file a deed or deeds for both tracts, as he is bound to do by its terms; and then by so describing the contract as to identify it, and to show that it embraced the lands in both the ejectments. A compliance with the condition would thus be effectual in each action. The only difference would be, that in the trial of the second action it would become necessary to give the first in evidence in order to enable the court to mould the verdict so as to adapt it to the verdict found in the first. Clearly, one deed and one payment of the purchase-money would perform the contract in both actions.

There is nothing in the remaining assignments of error to need special notice. The fact that the mortgage in favor of the defendant on the Philippi tract was not a personal charge against the plaintiff, would not prevent the defendant from using the mortgage to pay off so much of the purchase-money charged against the Philippi tract, the plaintiff having agreed to sell it as well as the Cupp or Weimer tract by the same contract. The land was encumbered by the mortgage, which must be removed before the plaintiff himself could comply with his contract.

Judgment reversed, and a *venire facias de novo* awarded.