## ELIZABETH CLOUSER v. D. H. PATTERSON.

### ERROR TO THE COURT OF COMMON PLEAS OF FULTON COUNTY.

Argued May 30, 1888—Decided October 1, 1888.

1. The power of a judge to put a verdict into form so as to make it express the real finding of the jury is settled, but he is without power so to mould a verdict, in accordance with what he may regard as logical necessity, as in effect to make a new verdict.

2. When the verdict on an issue to determine the ownership of property awarded the property to one party, it is error for the court to modify the verdict by transferring the property to another, in order to make it conform to his views of what the jury should have done.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 22 May Term 1888, Sup. Ct.; court below, No. 60 October Term 1887, C. P.

On October 30, 1887, a feigned issue was awarded, wherein Jacob Clouser and Elizabeth Clouser, his wife, in right of said

wife, were plaintiffs, and D. H. Patterson, G. W. Skinner and others, were defendants, to determine the ownership of property levied upon by the sheriff as the property of Jacob Clouser, at the suits of D. H. Patterson and others. Mrs. Elizabeth Clouser claimed the property in dispute, to wit, a gray mare, known as the Parker mare, a brindle horned cow, known as the Peoples cow, red bull, white steer, red muley steer, 1 year; brindle steer, 1 year; red horned cow, twenty sheep, white brood sow and seven shoats; bald-faced bay mare, bay horse, red muley cow, 4 years, red muley cow.

At the trial on October 13, 1887, evidence sufficiently indicated in the opinion of the court was adduced, and the jury returned as their verdict: " We find for the defendants, on the Parker mare $43.75, and on the Peoples cow, $8; and we find the balance of the stock for the plaintiff, Mrs. Clouser." Judgment was entered on the verdict on November 29th, and on December 20th a writ of error taken by the defendants was filed.

On January 7, 1888, the court, stating that it appeared to be probable that there was some error in the finding of the jury in returning for the defendants only parts of the values of the Parker mare and the Peoples cow, and such error being apparently in consequence of the charge of the court, ordered a motion to be minuted to open the judgment for the purpose of granting a re-trial or for the correction of errors in the verdict. To this order the plaintiffs excepted.

On April 24, 1888, the court, McCLEAN, P. J., filed the following opinion and decree:

There was error of law in the charge of this court permitting a separation of the interests of the husband and wife in the Peoples cow and the Parker mare.

The question had not received the attention and consideration of counsel upon the trial, and when referred to in the charge it was so done hastily and without full consideration; and, in the absence of authority, the jury undertook to apportion the Peoples cow and Parker mare between the parties, as they concluded the evidence justified, and the charge of the court permitted. This error of law extends, in the case of the cow, to her young.

The defendants proceeded to purchase a writ of error, but they cannot have this remedy upon interpleader proceedings: Gilliland's Appeal, 3 Pa. S. C. Dig. 46, in which the certiorari and appeal were quashed January 9, 1888.

This court was not satisfied with the result of the trial of this issue on account of the separation of values referred to, and sought to remedy the error during the term by filing the order of motion to open the judgment before the commencement of another term of court. Any delay that has occurred has been at the instance of counsel and to afford them abundant opportunity for examination and argument. We have no doubt either of the power or duty of the court to correct the error.

It is therefore ordered now, as of October Term, 1887, that the judgment be open and modified as follows: In favor of the defendants for the gray mare, known as the Parker mare, the brindle horned cow (old), known as the Peoples cow, red bull, white steer, red muley steer 1 year; brindle steer 1 year; and red horned cow (slim); the last five named being the young of the Peoples cow.

And for the plaintiff, 20 sheep; white brood sow and 7 shoats; bald-face bay mare; bay horse; red muley cow 4 years; red muley cow. All the costs to be paid by the defendants.

Thereupon the plaintiffs took this writ, assigning the order opening the judgment and amending the verdict, as error.

*Mr. W. U. Brewer* (with him *Mr. J. Nelson Sipes*), for the plaintiffs in error:

1. The court has a right to amend a verdict so that it shall conform to and be in very substance the verdict the jury intended to render, but beyond this the power to amend or modify does not go. So long as an intelligible verdict stands upon the record, the court can do nothing but enter judgment upon it in accordance with its terms: Knox v. Hilty, 118 Pa. 430; Wilson v. Gray, 8 W. 34.

2. The power of the court to set aside its own judgments ends with the term at which they are entered: Mathers v. Patterson, 33 Pa. 485; Smaltz v. Hancock, 118 Pa. 550. Moreover, when the order was made, the defendants had al-

ready taken a writ of error, and the verdict and judgment were beyond the control of the court below: Martzinger v. Smith, 9 W. N. 274; Cox v. Henry, 36 Pa. 445.

3. Where there is error in the verdict or in the judgment thereon, the Supreme Court will reverse and enter the proper judgment on the verdict: Stewart v. Martin, 2 W. 200; Easton v. Worthington, 5 S. & R. 130; Henry v. Heilman, 114 Pa. 499.

No appearance for the defendants in error.

OPINION, MR. JUSTICE WILLIAMS:

The proceedings in this case were under a feigned issue to determine the title to the several articles of personal property levied on by the sheriff as the property of Jacob Clouser. The claimant was the wife of the defendant in the writs. She asserted a title in her own right to all the property levied on, which consisted of the following farm stock, viz., 20 sheep, 8 head of cattle, 3 horses and 8 hogs.

The testimony is not printed in the paper books, but the learned judge, before whom the case was tried, has incorporated some portions of it in his charge to the jury. From this we learn that two articles, viz., the Parker mare and the Peoples cow, were claimed by purchase, while the others were claimed by gift and as the increase of the Peoples cow and the articles acquired by gift. The title to the sheep the claimant states thus: " In the spring of 1873 my father gave me a lamb. I kept it, and it increased, and these twenty sheep in controversy I raised from the lamb my father gave me." To the hogs she makes her title in this way: " I always owned hogs. He (Clouser) traded the one I had to Dr. Mallet. I did not want her. Jake traded her off and got another." This other and its brood make the eight hogs levied on. Five head of the cattle were alleged to be descended from the Peoples cow, and two others from a cow given to the claimant by her mother-in-law, while two of the horses were claimed as descended from a mare that had been given to her by one of her husband's creditors, who had bought it at a sheriff's sale of her husband's goods.

The court submitted the bona fides of the acquisition of the

original lamb, cow, and other articles to the jury, with the instruction that the increase would follow the ownership of the dam. " The court assumes the responsibility," said the learned judge, "for this instruction, and you are to raise no question as to the law on the subject. When the wife owns the dam, the ewe, the sow, the cow, or the mare, she is entitled to all the young." Under this instruction the jury found the claimant to be the owner of all the articles levied on, except the Parker mare and the Peoples cow. The jury carried the doctrine, partus sequitur ventrem, beyond the court's exposition of it, and, while unable to. find that the claimant had more than a fractional interest in the Peoples cow, they gave the five head of cattle descended from her to the claimant, and put a money value upon the husband's interest in this remarkable animal. This verdict was rendered in October, 1887. In April, 1888, the court modified the verdict by striking out the values put upon the husband's title to the Parker mare and the Peoples cow, and by transferring the progeny of the Peoples cow to the defendants, who were found to be entitled to the cow. This action is assigned for error.

So far as the order of the court below, striking out the valuation put on the husband's title is concerned, we think it was clearly right. The legal effect of the verdict was in favor of the defendants for the Parker mare and the Peoples cow, and for the plaintiff for the other articles levied on. This verdict, if mistaken, or for any other reason erroneous, in the opinion of the court below, should have been set aside; but, to take articles which the jury found to belong to one person and transfer them to another in accordance with what the judge may regard as the logical necessities of the situation, is not to mould, but to make a verdict. The power of a judge to put a verdict into form so as to make it express the real finding of the jury, is well settled. It has been exercised in many cases, among which are Keen v. Hopkins, 48 Pa. 445; Beates v. Retallick, 23 Pa. 288; Roddy v. Harah, 62 Pa. 129; Watkins v. v. B. & L. Association, of Hyde Park, 97 Pa. 514.

In this case the jury intended to give the increase of the Peoples cow to the claimant. Their action was not in accordance with the directions of the learned judge, and for that reason it might with propriety have been set aside, but if left

to stand as the verdict, the power of the judge extended only to the putting it in legal form. If the judge could transfer the five head of cattle from the claimant, notwithstanding the verdict rendered by the jury, in order to make the verdict conform to his views of what the jury should have found, it is not easy to see why he might not transfer the sheep and the other articles, if in his opinion the claimant had not made out a good title, and thus amend the claimant's verdict off the record and enter judgment in favor of the defendants upon a verdict of his own finding.

So much of the order of April 24, 1888, as transfers to the defendants the progeny of the Peoples cow is set aside. And judgment is now entered on the verdict in favor of the defendants for the Parker mare and the Peoples cow, and for the plaintiff for all the other articles enumerated in the levy.