Opinion by
 

 Montgomery, J.,
 

 This is an appeal from a judgment entered in favor of plain tiff-appellee for $4,509.60 in an action of assumpsit brought to recover the price of dairy products furnished the defendant-appellant on an open running account by the Harmony Dairy Company, which assigned the account to plaintiff, Interstate Creamery, Inc. The suit was originally brought to collect a bal
 
 *337
 
 anee of $3,540.80 with interest. However, by amendment to the complaint the amount was increased to $4,509.60 to include $997.65 erroneously credited to the account. The final amendment restated the total amount claimed to be $4,538.45.
 

 The defendant in his answer denied that any money was owing on the account, and under “new matter” alleged an agreement for a loan from plaintiff .for the purchase of a delivery truck by the defendant to be used to sell plaintiff’s products, said loan to be paid off by the defendant paying five cents a gallon extra on ice cream materials the defendant would subsequently purchase from the plaintiff. Defendant also alleged that such agreement was unenforceable since it was in violation of the Pennsylvania Milk Control Law of April 28, 1937, P. L. 417, art. VUE, §807, as amended, 31 P.S. §700j-807, and the regulations of the Pennsylvania Milk Control Commission; and further, that no money was presently due on said indebtedness since five cents extra had been paid on each gallon of ice cream material previously received from plaintiff.
 

 The matter came to trial before the Honorable Charles D. McCarthy, Judge, and a jury, which returned a verdict “for the plaintiff that the defendant pay the sum of $3,511.95 within a five year period at no interest. Also the defendant is not liable for the sum of $997.60 because it was an error of the companies involved.” After the jury had been discharged and without notice to defendant’s counsel Judge McCarthy entered the following order on the back of the jury’s verdict: “May 4, 1967: And now to-wit; the verdict of the Jury is stricken and judgment N.O.V. is entered in favor of the plaintiff and against the defendant in the sum of $4,509.60. [s] McCarthy, J.”
 

 Motions on behalf of defendant for judgment n.o.v. in its favor, for judgment on the whole record, for a
 
 *338
 
 new trial and to strike the judgment n.o.v. in favor of plaintiff, being overruled on September 13, 1987, after argument before the court en banc, this appeal followed by the defendant-appellant.
 

 The court en banc justified Judge McCarthy’s action on the basis that it merely molded the jury’s verdict. We cannot agree. A verdict may not be molded otherwise than to express the intention of the jury,
 
 Peyton v. Margiotti,
 
 398 Pa. 86, 156 A. 2d 865 (1959);
 
 Maize v. Atlantic Refining Company,
 
 352 Pa. 51, 41 A. 2d 850 (1945); and where a court molds a verdict to meet the supposed equities of the case, it is in fact making the verdict its own. This is improper. If a verdict is improper as being against the weight of the evidence, it may be set aside by the court but not molded.
 
 Elizabeth Clouser v. D. H. Patterson, 122
 
 Pa. 372, 15 A. 444 (1888). As we view the issue of the present case and the judgment n.o.v. entered in plaintiff’s favor for the full amount of its claim, the action of the lower court, if intended to be merely the molding of the verdict, was improper, since the verdict appeared to be in favor of the defendant. Although the jury found that an indebtedness existed between the plaintiff and the defendant in the amount of $3,511.95 (not $4,-509.60), it also found such indebtedness not due so as to justify a lawsuit for its collection or collection of interest thereon; and that the $997.60 additional sum claimed by the plaintiff was not owed by the defendant.
 

 Therefore, insofar as the verdict is concerned, we must hold that the action constituted a striking off or vacation of the verdict as contrary to the issues, the record or its instructions. It seems clear that the intention of the court was to substitute what it belatedly thought it should have done at the conclusion of the trial, namely, directed a verdict for the plaintiff for
 
 *339
 
 the full amount of its claim. However, by striking the verdict of the jury this was not accomplished. It merely left a void which formed no basis for the entry of a judgment. Consequently, we must conclude that the judgment n.o.v. in plaintiff’s favor was a nullity.
 

 It is doubtful whether this is such a case as would justify binding instructions since it rests largely on oral testimony.
 
 Exner v. Safeco Insurance Company of America,
 
 402 Pa. 473, 167 A. 2d 703 (1961) ;
 
 Nanty-Glo Boro. v. American Surety Co.,
 
 309 Pa. 236, 163 A. 523 (1932). Therefore, we shall refrain from reviewing it on the merits. When a verdict is inconsistent or does not conform with the issues and evidence, or is against the weight of the evidence, and is unacceptable for such reasons, the proper procedure is to strike it and grant a new trial.
 
 Pritchard v. Malatesta,
 
 421 Pa. 11, 218 A. 2d 753 (1966);
 
 McArthur v. Balas,
 
 402 Pa. 116, 166 A. 2d 640
 
 (1961); Nelson v. Duquesne Light Company,
 
 338 Pa. 37, 12 A. 2d 299 (1940).
 

 The judgment is stricken as a nullity, with a venire.
 

 Our action in declaring the judgment n.o.v. in plaintiff’s favor void, leaves this appeal as from an interlocutory order and ordinarily quashable for that reason. However, since a remand to the court below would be with instructions to grant a new trial, we so directed and for that reason we dismissed the motion to quash by order filed April 10, 1968.