Todd *v.* Bercini, Appellant.

Argued October 6, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*James J. Burns, Jr.,* for appellant.

*H. Fred Mercer,* with him *Mercer & Buckley,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, November 18, 1952:

The only question before us in this case is whether the learned court below abused its discretion in awarding a new trial for inadequacy of verdict.

Frances Todd, the wife-plaintiff, was seriously injured when the car in which she was riding crashed, through the negligence of the driver-defendant, into a steel utility pole. The jury awarded $2,070.43, the exact amount of the medical bills. No sum was included for pain, suffering and inconvenience. Also, although the plaintiff was engaged in remunerative employment prior to the accident (she was a prac-

tical nurse) the jury did not assign any amount for lost wages or impairment of earning power. And the husband-plaintiff was excluded from the verdict completely.

A review of the record reveals that Mrs. Todd (43 years of age) was hospitalized on three different occasions because of her injuries, that she underwent two surgical operations and is required to wear a special collar and large brace to support the weight of her head. A Dr. Rowe testified that Mrs. Todd suffered a permanent injury, that she would have a limitation of motion as well as a certain protusion in the neck, that she would suffer pain for the rest of her life and that she was at least 30 to 40% disabled. Further, that she would be unable to nurse adult patients on account of her inability to do any heavy lifting or bending. It was testified that prior to the accident Mrs. Todd did her own housework and had been steadily employed as a practical nurse at an average weekly wage of $50, but that since the accident she was incapacitated for work.

A trial is a systematized, organized procedure for determining the truth and awarding justice with precision, to the extent that precision can be ascertained through fallible human agencies. A trial is not to be a mere conscious *approximation of reality*. It is not the province of a jury to decide *generally* the issue presented to it for decision, in the spirit of boundless generosity or restrained benevolence. If Mrs. Todd was entitled to a verdict from the defendant because of the injuries he inflicted upon her as the result of his negligence, she was entitled to *all* that the law provides in such a case. And the items of pain, suffering and inconvenience, as well as loss of wages and impairment of earning power, are inevitable concomitants with grave injuries when suffered by a wage-earner. A jury

may not eliminate pain from wounds when all human experience proves the existence of pain, and it may not withhold lost wages when the evidence in the case uncontradictedly establishes the loss of wages as the result of the negligence which they, the jury, have adjudicated against the responsible defendant. When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then neglectfully, indifferently, or capriciously cut off a portion of that loaf as it hands it to the plaintiff.

It was because of the obvious error of the jury in this regard that the trial judge awarded a new trial, and it is not apparent how he in any way abused the discretion which resides in him to award a new trial when justice demands it.

In the case of *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295, this Court said: "The trial judge instructed the jury to take into consideration this loss of earning capacity and its prospective effect, but the jury's own apportionment of their verdict clearly shows that they neglected to consider this item. It was for this reason that the court below deemed the verdict inadequate and, in view of the nature of the injuries and the uncontroverted fact that her earning power has been impaired, no abuse of discretion in granting a new trial on this ground can be found."

The same holds true with regard to the husband-plaintiff's losses.

Since the defendant's own medical expert admitted that there was some disability on the part of the wife-plaintiff to attend to her customary duties as a result of the hospitalization and treatment she had undergone, and since the jury found that the expense of that hospitalization and treatment should be borne by the defendant, it logically followed that a verdict in some amount should have been returned in favor of the hus-

band for the loss of his wife's services and society, as well as for expenses he incurred as a result of his wife's injuries.

As the late Chief Justice MAXEY stated in *Taylor v. Rounds,* 349 Pa. 157, 36 A. 2d 817: "Since the actions of both husband and wife 'shall be redressed in only one suit brought in the names of the husband and wife' (Sect. 1 of the Act of May 8, 1895, P. L. 54, 12 P.S. 1621, and Rule 2228 (a) of the Supreme Court Rules of Civil Procedure), and since this act is mandatory (Donoghue v. Consolidated Traction Company, 201 Pa. 181, 50 A. 952), it follows that a new trial must also be granted as to Mrs. Taylor's claim."

Judgment affirmed.