Thompson, Appellant, *v.* Iannuzzi.

Argued March 13, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Herbert N. Rosenberg,* for appellant.

*Frederick N. Egler,* with him *Reed & Egler,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 17, 1961:

On September 15, 1955, Anna Marie Thompson was riding with four of her children in the back seat of a car owned and being driven by her husband Harry P.

Thompson. A car operated by Michael Iannuzzi struck the Thompson automobile in the rear. The force of the collision threw Mrs. Thompson against the front seat and she then fell to the floor, her back hitting the "steel part in the back of the front seat." She and her husband brought suit against Iannuzzi and at the ensuing trial the jury returned a verdict which read as follows: "We find the Defendant, Michael Iannuzzi, negligent in the operation of his motor vehicle and responsible to Harry P. Thompson for submitted bills of Seven Hundred Fifty-eight and 20/100 ($758.20) Dollars. We do not find the defendant, Michael Iannuzzi, responsible for any damages in regard to the other suits connected with this case."

Mrs. Thompson moved for a new trial alleging inconsistency in the verdict since it reimbursed the husband for medical expenses incurred in connection with her injuries, yet offered no recompense to her, the principal subject of the lawsuit. The lower court refused the motion and the plaintiffs appealed.

Since the jury returned a verdict in behalf of the husband-plaintiff, it had to conclude that the defendant Iannuzzi was negligent. In fact, the verdict makes a specific statement to that effect. Thus, having found the defendant negligent, it became the jury's duty to determine to what extent the defendant was monetarily responsible for the losses suffered by his victims as the result of his negligence.

Mrs. Thompson testified that following the accident she suffered severe headaches and pains in her back and neck. Dr. Philip A. Faix who examined her testified: "She complained of pain in her neck region and had some spasm in the cervical spine and in her low back, and examination of the coccyx revealed a fractured coccyx."

He testified further: "We first gave her empirin with codeine and later we gave her phenaphen with co-

deine and we had her procure a corset and to use heat particularly in her low back. In November 1955 we removed her coccyx. She was in the hospital from November 22, 1955, until December 4, 1955."

The doctor also testified that Mrs. Thompson's injuries and ailments were the result of the accident of September 15, 1955.

Having awarded Mr. Thompson money to pay for Mrs. Thompson's medical expenses, it is extremely strange that the jury did not make an award to Mrs. Thompson for the injuries which required that medical attention.

It is inevitable that Mrs. Thompson was subjected to pain and inconvenience as the result of her injuries. The doctor so testified. The plaintiff so testified. Moreover, it is a matter of common knowledge that pain is an implacable partner of physical ailments and disablement. Pain is the tocsin of alarm. It warns the brain of danger; it summons nature's forces to repair the breakdown in the anatomical dikes.

However, the fact that pain is a night watchman, a burglar's alarm, a lifesaver, all intended to protect the ailing and disabled victim, does not excuse the person responsible for injuries from liability for the aches and torture which are synonymous with lacerations, fractures, and traumatic malady.

Infliction of pain means taking from a person what is his own to possess and retain, namely, health and well-being. Whoever robs another of that health and well-being is required by law to make recompense, to the extent that the deprivation may be calculated in money damages.

Mrs. Thompson testified that because of her injuries she was unable for a time to perform her housework and to care for her five infant children, ranging in age from 20 months to 9 years. A faithful mother and housewife undergoes annoyance and anguish in

seeing her children suffer from lack of attention and in watching her home undergo slovenly deterioration because of inability to attend to the cleansing and maintenance chores.

All this forms part of the general phrase: pain, suffering, and inconvenience. The jury ignored all these items. It is true that the jury is the final arbiter of facts but it may not, in law, ignore what is patent to the eye, obvious to the mind and clear to the normal processes of ordinary computation. By failing to account for what Mrs. Thompson lost through her injuries, while awarding to Mr. Thompson certain monies for therapeutic attention to those same injuries, the jury returned an inconsistent verdict. This Court has declared in many cases that where a verdict is inconsistent, a new trial is imperative.

In the case of *Yacabonis v. Gilvickas*, 376 Pa. 247, we held that a jury could not ignore the item of pain suffered by the injured person when it awards a sum of money to the parent who paid the medical expenses incurred in treating the injured minor. "Patsy Yock [the minor] was rendered unconscious, sustained a cut on the right knee requiring seven stitches and a cut on the left knee requiring three stitches, and was hospitalized. She exhibited a scar over the left eyebrow and one near the hair line on the left side of the forehead. The latter still pained her when she combed her hair. The jury awarded her nothing for disfigurement or for pain and suffering, but did allow her father, Joseph Yock, $105 for her medical attention and hospital bill. *The jury had no right to award her father the special damages of $105 and not award the injured party anything. Of necessity she suffered pain, as the above meager recital of the facts clearly shows.* (Emphasis supplied.)"

In *Perkon v. Marnella*, 392 Pa. 319, the jury returned a verdict in favor of the father of the minor

plaintiff who was injured, but neglected to award any sum to the minor himself. When the trial judge asked the jury for an elucidation of the verdict the foreman replied "The jury didn't find for the boy." We declared that such a verdict could not stand and we affirmed the order of the court below granting a new trial. "The Court below was not only justified but required, in view of the nature of the verdict, to order a new trial. If Richard contributed to the happening of the accident through negligence on his part, the defendant is entitled to a verdict. On the other hand, if Richard was free of contributory negligence and the defendant was negligent, the son as well as the father is entitled to be properly compensated in monetary damages. As we said in Todd v. Bercini, 371 Pa. 605, 608, [92 A. 2d 538, 539] : 'When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then neglectfully, indifferently, or capriciously cut off a portion of that loaf as it hands it to the plaintiff.' "

In *Pascarella v. Pittsburgh Rwys. Co.*, 389 Pa. 8, our Court made this statement, which speaks for itself: "Since the jury found that the parents of Joyce Long and Mary Pascarella were entitled to reimbursement for monies expended for medical bills incurred on account of injuries sustained by their daughters, there can be no reasonable explanation for denying a return to the girls themselves for those same injuries. Once a jury imposes legal liability on a responsible party they may not wilfully or capriciously withhold payment of an item which is inextricably interwoven in the pattern of the liability." (Emphasis supplied).

In the case of *Elser v. Union Paving Co.*, 167 Pa. Superior Ct. 62, the jury awarded the husband plaintiff a verdict for medical and hospital expenses incurred as a result of his wife's injuries but omitted awarding the wife any monetary damages. The Superior Court

334

ordered a new trial saying: "The jury's verdicts were manifestly inconsistent. If it found her (the wife) contributorily negligent the husband should not have had a favorable verdict since his action is derivative (citations). On the other hand, if the verdict for the husband means that the jury found the wife free from contributory negligence it should have returned a verdict for her."

The plaintiff has asked that the new trial be limited to the issue of damages. We believe that, because of the peculiar circumstances involved, the new trial should be awarded generally.

Judgment reversed with a venire facias de novo.