Little et al., Appellants, v. Jarvis.

Argued March 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING, and CERCONE, JJ. (HOFFMAN, J., absent).

*Stanley P. Stern,* for appellants.

*Nathaniel P. D'Amico,* with him *James J. McEldrew,* and *McEldrew, Hanamirian, McWilliams, Quinn and Bradley,* for appellee.

OPINION BY CERCONE, J., June 22, 1971:

This appeal arises out of a suit involving an automobile accident which occurred on March 23, 1962 in Philadelphia. The event in question involved a collision among three cars, at an intersection controlled by traffic lights. The driver of one of the cars was found to be completely free of any fault in the accident. His claim or participation in the accident is not before us on this appeal.

Of the two other cars, the first was driven by one of the plaintiffs, Edward Little. At trial Edward Little related that he was driving home from the market that day and had three passengers with him on this trip— all in the front seat. His sister, Mary Hynes, was seated next to him and she was holding her small daughter, Linda Ann. Next to them, and seated right next to the door, was Mrs. Amanda Little, the mother of Edward and Mary, and the grandmother of little Linda Ann. The second auto was driven by the defendant, Byron Jarvis and he was alone in his car.

Suit was brought by all parties in the Little car, as plaintiffs, for both personal injuries and the property damage which resulted from the accident. Joseph Little, Amanda's husband, was also a party plaintiff because he owned the car his son, Edward, was driving and also because he had incurred medical bills and bills for a maid while his wife was incapacitated by the accident. Linda Ann's father, Fred Hynes, brought suit in his own right and as natural guardian of his daughter, and also for injuries to his wife, Mary. Byron Jarvis, as defendant, joined Joseph Little and Edward Little as additional defendants.

At trial, before a judge and jury, the judge directed a verdict against Edward Little, finding him contributorily negligent as a matter of law. Little complains that this action was improper. In general, contributory negligence should be adjudged as a matter of law only

in clear cases where the facts are indisputably fixed and there can be no reasonable doubt as to the inferences to be properly drawn from them; however, where the facts adduced in plaintiff's own case clearly establish his guilt of contributory negligence, it is not only the right, but the duty of a court to direct the verdict of contributory negligence as to plaintiff. *Sargeant v. Ayers,* 358 Pa. 393, 57 A. 2d 881 (1948).

Our examination of the evidence presented in the instant case requires us to agree with the learned trial judge's decision directing a verdict against Edward Little. Edward testified himself that he was driving in excess of the existing statutory speed limits at the time the accident occurred. He also revealed that he was driving the car with four people, including himself, in the front seat, which is also a violation of state laws relating to reckless driving. Act of April 29, 1959, P. L. 58, §1001, 75 P.S. §1001. He further testified that one of the passengers, little Linda Ann, was pulling on his arm and distracting him so that he was looking down at her and not at the road or approaching traffic as he entered the intersection. Lastly, Edward related that when he tried to apply his brakes, he found that he had allowed the baby's bottle to fall under the pedal, so he could not depress it fully and thus had only partial braking power.[1]

---

[1] We note that occupancy of a front seat by more than three persons is not negligence per se, and that in the usual case, a causal connection must exist between the accident and the number of occupants of the front seat in excess of three to make the presence of the extra occupants an act of negligence. See *McClelland v. Copeland,* 355 Pa. 405, 50 A. 2d 221 (1947) ; *Henry v. Pennsylvania R. Co.,* 368 Pa. 596, 84 A. 2d 675 (1951). It is apparent that the violation in the instant case contributed materially to the accident since it was little Linda Ann's act of crawling over the other passengers to tug and push at her uncle that caused him to divert his attention from the road and to lose his freedom of action to exercise necessary control in the emergency which arose. If she

We believe this overwhelming evidence of lack of due care on the part of Edward Little was certainly sufficient to support the learned trial judge's directed verdict of contributory negligence. This is true without even considering the strong evidence that Edward compounded his other acts of negligence by driving through a red light at the intersection.

The only remaining real issue the jury had to decide, other than the apportionment of damages, was whether defendant Jarvis was negligent relative to the accident. The jury found that Jarvis was not negligent. Appellants argue that the jury was incorrectly charged by the trial judge with respect to Jarvis' standard of care and duties as a driver when entering the intersection where the accident occurred. The appellants requested the trial judge to charge that if the jury found that Jarvis failed to look to the right (the direction from which he Little car was approaching) a second time *after entering* the intersection, he should be found negligent "as a matter of law". Appellants cited several cases having to do with a motorist's duty upon entering an intersection to support their requested charge on this point.

On appeal, in evaluating a trial court's charge to the jury, it is our duty to read the instructions in their entirety in order to determine whether there was any prejudicial error. *Reading Motor Sales v. U. S. Fidelity and Guaranty Co.*, 439 Pa. 149, 266 A. 2d 687 (1970). Read as a *whole,* we cannot agree with the claim that the charge in the instant case was in error. The learned trial judge told the jury that they must first determine whether Jarvis had a green light in his favor *when he*

---

had had a seat of her own or had been seated in the back seat, this accident would probably not have occurred. Also, the crowded condition no doubt contributed to Edward Little's failure to notice the bottle under his feet and to prevent it from becoming lodged under the brake pedal.

*entered* the intersection. He then told them that even if a driver has a green light, he cannot place blind reliance on it or on the conditions observed *"prior to"* entering the intersection. The judge also instructed as follows: ". . . *When entering* an intersection where the light is in his favor, a driver must first look to his left and then to his right to determine whether, under the conditions *then existing at the intersection,* it is safe for himself and others to go through the intersection. *While proceeding through the intersection,* the driver must also have his car under such control that he may stop at the sign of danger and within the shortest possible distance, and *he must continue to be observant as he proceeds."* [Emphasis supplied.] He further charged that such a driver must be "viligant for danger" all the way through the intersection. After his own charge to the jury, the trial judge read the following point for charge submitted by the appellants: "If you find that the action of defendant, Byron Jarvis, *in not making an observation for eastbound traffic until after entering the intersection* was a contributing factor in causing this accident, then you must find him guilty of negligence." [Emphasis supplied.]

Considering all of these statements and others by the learned trial judge relating to Jarvis' standard of care, we must hold that the charge, as a whole, was certainly not prejudicially erroneous. Furthermore, we find that the jury finding of defendant Jarvis' lack of negligence is amply supported by the record.

Of all of the arguments raised by appellants, we find only one to be of any merit. The jury, in awarding damages, awarded Mr. Joseph Little compensation for the payments he had made for medical care for his wife, Amanda, and also for the expenses he had incurred for a maid to take care of his home while his wife was ill. However, the jury awarded no damages to Amanda herself for the pain, suffering, and inconvenience which

the evidence showed she had suffered in and after the accident. This type of verdict, as to these damages, is inconsistent and is inadequate as a matter of law. The identical situation has arisen before in Pennsylvania and a new trial must be granted. See *Thompson v. Iannuzzi,* 403 Pa. 329, 169 A. 2d 777 (1961). As the Supreme Court said in the case of *Todd v. Bercini,* 371 Pa. 605, 92 A. 2d 538 (1952) : "When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then neglectfully, indifferently, or capriciously cut off a portion of that loaf, as it hands it to the plaintiff." 371 Pa. at 608, 92 A. 2d at 539. Cf. *Pascarella v. Pittsburgh Railways Co.,* 389 Pa. 8, 131 A. 2d 445 (1957) ; *Yacabonis v. Gilvickas,* 376 Pa. 247, 101 A. 2d 690 (1954).

It is important to point out that the jury did not reach this type of verdict upon a conclusion that Amanda Little was contributorily negligent in the accident. The trial judge not only directed a verdict in favor of Amanda and Joseph Little against their son, Edward, but the jury was also emphatic in expressly placing all blame in the accident solely on Edward. However, even if we were to conclude that the jury's verdict was based on the finding that Amanda Little was contributorily negligent in the accident, their award of damages to her husband would still result in an inconsistent verdict. This is because of the well established rule that the husband's rights are only derivative of those of his wife in this situation. *Elser v. Union Paving Co.,* 167 Pa. Superior Ct. 62, 74 A. 2d 529 (1950).

This was a complicated trial and the jury was faced with a most difficult task in sifting out the liabilities and the damages incurred by the many parties to the action. Except for this matter of damages relating to Mrs. Amanda Little, the jury did an excellent job and their conclusions, to repeat, are well supported by the

record. It would be wasteful to abrogate their efforts and make all the parties go through a new trial, generally. Therefore, any new trial must be limited to the issue of damages alone and must be solely between Mr. Joseph Little, his wife Amanda, and the only party found negligent, their son, Edward Little.

We do so award a new trial limited to damages as above outlined, and in all other respects, affirm.

JACOBS, J., would grant a new trial generally.