**Welsh v. Boyles**

*Michael J. Casale*, for plaintiff.

*Martin Fine*, for defendant.

GREEVY, P. J., August 28, 1974.—Rita P. Welsh, formerly Rita P. Knauff, individually and as administratrix of the estate of Bernard J. Knauff, brought this action in trespass against David R. Boyles to recover damages alleged to have been suffered as a result of a collision between the car driven by Bernard J. Knauff and the car driven by David R. Boyles.

After a trial by jury, a verdict was returned in favor of Rita P. Welsh, individually, in the amount of $1,301.24, and in favor of Rita P. Welsh, administratrix of the estate of Bernard J. Knauff, deceased, in the amount of $136.50.

The matter is now before the court on plaintiff's motion for a new trial.

As a basis for the motion, plaintiff sets forth the following reasons:

"1. The verdict was against the weight of the evidence.

"2. The verdict was against the weight of the law.

"3. The jury's award was grossly inadequate.

"4. The Trial Judge erred in refusing to charge that the plaintiff was entitled to recover for the pain and suffering of her deceased husband."

## DISCUSSION

With respect to the first three reasons set forth as a basis for plaintiff's motion, the only issue meriting the court's consideration is whether the verdict was inadequate.

At the outset, it must be remembered that the issue of the amount to be awarded to an injured person for pain and suffering, both past and prospective, is primarily a jury question: James v. Ferguson, 401 Pa. 92 (1960).

In the instant case, Plaintiff, Rita P. Welsh, individually, claimed medical expenses of $1,001.24. The jury's verdict awarded plaintiff, individually, $1,001.24 for medical expenses and $300 for pain and suffering. Plaintiff, in challenging the adequacy of the verdict, disputes the jury's award for pain and suffering.

A court will not substitute its judgment for the jury's if the verdict bears a reasonable resemblance to the proven damages. The fact that a verdict may be considered low does not mean it is inadequate: Austin v. Harnish, 227 Pa. Superior Ct. 199 (1974).

Here, the jury saw the medical bills, heard the testimony of plaintiff, and made the determination of the amount of damages to be awarded for pain and suffering. No medical evidence was offered by direct testimony or by deposition. Under these circumstances, we find no reason why the court should usurp the jury's determinations and, therefore, we deny plaintiff's motion for a new trial with respect to the verdict in her favor, individually.

Plaintiff next contends that the court erred in refusing to instruct the jury that plaintiff, as administratrix of the Estate of Bernard J. Knauff, was entitled to recover for the pain and suffering incurred by her now deceased husband. With this, we agree.

Where a defendant's act did not cause the death,

as here, or if suit is not brought for the death, the same elements of damages are considered. The amount of damages, however, is crystallized by the death and are limited to those occurring before death: Chappell v. Pitts. & W. Va. Rwy. Co., 402 Pa. 646, 650 (1961); Pezzulli v. D'Ambrosia, 344 Pa. 643, 648 (1942); Mohler v. Worley, 179 Pa. Superior Ct. 56 (1955).

Medical expenses of $136.50 for Bernard J. Knauff, now deceased, were stipulated to by the parties. No medical testimony was offered. The jury awarded $136.50 to the estate. By their verdict, the jury recognized that Bernard J. Knauff was injured by the negligence of defendant.

Pennsylvania courts have repeatedly held that where a jury by its verdict recognizes injury caused by the negligence of a defendant, it may not eliminate pain and suffering when human experience proves the existence of pain: Thompson v. Iannuzzi, 403 Pa. 329 (1961); Todd v. Bercini, 371 Pa. 605 (1952); Little v. Jarvis, 219 Pa. Superior Ct. 156 (1971); Turner v. Forney, 13 Bucks 73 (1963). The fact that an injured person was treated at a hospital and immediately released does not negate the fact that he may have experienced discomfort, if not severe pain and suffering, and was entitled to some compensation: Todd v. Bercini, supra; Turner v. Forney, supra.

Had the jury been properly charged and had it returned the verdict it did, we would refuse the motion for a new trial; but here, the court's refusal to charge regarding recovery of damages for pain and suffering of the deceased, Bernard J. Knauff, requires that a new trial on the issue of damages incurred by Bernard J. Knauff be granted.

On the basis of the foregoing we make the following

ORDER

And now, August 28, 1974, plaintiff's motion for a new trial is granted as it relates to damages recoverable by plaintiff, Rita P. Welsh, formerly Rita P. Knauff, as administratrix of the Estate of Bernard J. Knauff. In all other respects, plaintiff's motion is dismissed, and judgment on the verdict is hereby entered for Rita P. Welsh, individually, in the amount of $1,301.24, against David R. Boyles.