### Harvey v. Stofanak

*Anthony C. Santore,* for plaintiffs.
*Joseph C. Bernstein,* for defendants.

WILLIAMS, *P.J.,* October 20, 1980—This is an action in trespass seeking damages resulting from a traffic accident on April 18, 1979. After trial before the Honorable Alfred T. Williams, Jr., P.J., plaintiffs' motion for directed verdict on the issue of liability was granted, leaving only the question of damages for the jury. The jury returned a verdict for plaintiff husband in the exact amount of the medical expenses, awarding nothing for lost wages or pain and suffering and awarding no damages to the plaintiff wife for loss of consortium. The matter is before us on plaintiffs' motion for new trial on the issue of damages only.[1]

It is well settled that a verdict in an action for personal injuries may be set aside only when it is so inadequate as to indicate passion, prejudice, partiality, or corruption, or that the jury disregarded the instructions of the court, or where it appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiffs: Rhoades v. Wolf, 207 Pa. Superior Ct. 104, 215 A. 2d 332 (1965).

Plaintiffs' case on damages included the testimony of plaintiffs as well as that of Matthew Hooshmand, M.D. Dr. Hooshmand testified as to the nature of the injuries to plaintiff, Alexander J. Harvey, which he diagnosed as a sprain of the lower back. Dr. Hooshmand also testified as to the treatment of Mr. Harvey which eventually required hospitalization including nine days in traction. Plaintiffs also testified as to their damages resulting from the accident, including Mr. Harvey's loss of 44 days of work and Mrs. Harvey's loss of consortium.

---

1. Before Williams, P.J., Van Antwerpen and Freedberg, JJ.

The lost work was further established by a letter from the Business Administrator of the City of Bethlehem, plaintiff's employer.

Defendant's case consisted of the testimony of Dr. Hugo Verbruggen, an orthopedic surgeon. Dr. Verbruggen examined Mr. Harvey once in July of 1979 and concurred in Dr. Hooshmand's diagnosis. In mitigation of the seriousness of the injuries to Mr. Harvey, Dr. Verbruggen's prognosis was that Mr. Harvey would totally recover and be free from pain in six to twelve months. Defendant contends the jury's verdict is a compromise in that the issue of the extent of plaintiff's injuries was hotly contested.

It has been noted by this court that no area of the law is more obscure than that dealing with the difference between inadequate verdicts and compromise verdicts.[2] From recent cases it appears appropriate for a jury to reach a compromise verdict in situations where both liability and damages are in issue as well as where only damages are in issue. Compare Thompson v. Iannuzzi, 403 Pa. 329, 169 A. 2d 777 (1961), and Little v. Jarvis, 219 Pa. Superior Ct. 156, 280 A. 2d 617 (1971), with Austin v. Harnish, 227 Pa. Superior Ct. 199, 323 A. 2d 871 (1974). Such is *not* the case though because a compromise verdict has recently been defined as follows: "'A compromise verdict is one where the jury, in doubt as to defendant's negligence or plaintiff's freedom from contributory negligence, brings in a verdict for the plaintiff but in a smaller amount than it would have if these questions had been free from doubt.'" Stokan v. Turnbull, 480 Pa. 71, 78, 389 A. 2d 90 (1978), quoting Phelps v. Paul L. Britton, Inc., 412 Pa. 55, 192 A. 2d 689 (1963). The

2. Dooley v. Bradney, No. 387 May Term, 1973, C. P. Northampton Co., Opinion of the court en banc, June 1, 1976.

cases can be reconciled by distinguishing between a technical "compromise verdict" and a compromise of the evidence apparent in a verdict for less than plaintiff sought. The latter follows naturally from the rule that a jury is not required to believe everything, or indeed anything, offered by the plaintiff in support of his case: Karcesky v. Laria, 382 Pa. 227, 114 A. 2d 150 (1955).

From these principles defendant would have us believe that the jury's verdict in the exact amount of the medical expenses was a compromise of the evidence offered on the issue of the extent of plaintiff's injuries. As such the verdict includes an amount for medical expenses, lost wages, and pain and suffering which the jury found to be established by the evidence.

If, in fact, such was the case, it was an obvious error on the part of the jury which reached only a gross approximation of the damages sustained. It is not within the province of the jury to decide, generally, the issue presented to it for decision: Todd v. Bercini, 371 Pa. 605, 92 A. 2d 538 (1952). The fact that the verdict was in the exact amount of plaintiffs' out-of-pocket expenses demonstrates a capricious disregard of the elements of damages to which plaintiff, Alexander J. Harvey, is entitled.

The jury's verdict for Mr. Harvey was also inconsistent in at least one particular. In awarding only medical expenses, the jury inconsistently denied Mr. Harvey lost wages for the period of hospitalization. Recognizing that a jury verdict is not to be put together with the logic of a lawyer's argument and taken apart item by item, we find the verdict for Alexander J. Harvey to be against the law and inconsistent and, therefore, grant him a new trial on the issue of damages only: Stokan v. Turnbull,2 43

Pa. Superior Ct. 440, 365 A. 2d 1305 (1976), reversed in part, 480 Pa. 71, 389 A. 2d 90 (1978).

The jury's verdict of zero damages for plaintiff, Cornelia A. Harvey, is more closely analogous to the recent decision of this court in Tulloch v. Guzzi, 14 D. & C. 3d 58 (1980), and we, therefore, deny her motion for a new trial. In Tulloch v. Guzzi, supra, the jury in a personal injury action awarded a verdict in favor of plaintiff and against defendant for zero damages. This court upheld the verdict because defendant had introduced evidence that plaintiff's pain was not caused by trauma and that seriously questioned the credibility of plaintiff's physician.

In the present case Mrs. Harvey testified that as a result of the accident her husband was no longer able to dance and jog with her as he used to. In addition, he was unable to help around the house with their child. Finally, Mrs. Harvey testified that Mr. Harvey frequently got muscle spasms as a result of the accident and she obtained a black eye because of these muscle spasms. It is within the province of the jury to determine the credibility of Mrs. Harvey's testimony and decide whether Mr. Harvey's injuries caused her a loss of consortium. In light of the evidence adduced at trial, we cannot say this portion of the verdict was against the law or the evidence.

## ORDER

And now, October 20, 1980, plaintiff Cornelia A. Harvey's motion for new trial is hereby denied and plaintiff Alexander J. Harvey's motion for new trial on the issue of damages only is hereby granted.