## Damiano v. Andre

*Michael J. Pepe and James E. Beasley,* for plaintiffs.

*James J. McCabe,* for defendant.

BONAVITACOLA, *J.,* May 26, 1981 — Husband-Plaintiff, James Damiano, brings the instant appeal from a brace of motions decided on February 17, 1981 which approved a personal injury settlement and distribution of $100,000 solely to wife plaintiff, Mary Ann T. Damiano, and granted a full release to defendant.

Plaintiffs James and Mary Ann T. Damiano were married on April 8, 1972. On May 5, 1972, Mary Ann underwent a subocipital craniectomy performed by defendant, Robert S. Andre, M.D. From the time of the surgery Mary Ann has remained paralyzed on her entire right side and has suffered

severe loss of left side muscle coordination, facial palsy, and other disabilities.

In January of 1974, the Damianos together brought a tort action against Dr. Andre wherein, inter alia, James claimed both medical expenses and loss of consortium. In December of 1974 James separated from his wife and has not cohabited with her since then.

In September 1980, defendant proffered a settlement of $100,000 (representing policy limits). Wifeplaintiff accepted this offer which would net her $65,000 (after legal fees and costs). It is undisputed that husband-plaintiff did not personally incur any medical expenses for the care of his wife. James, now separated from wife-plaintiff, for over six years, refused to approve the settlement and refused to release his interest therein and retained separate counsel. Defendant has declined to complete any settlement unless either both plaintiff's join in the release or the court orders that defendant be released. Believing the settlement to be a fair one, wife-plaintiff petitioned this court to permit distribution without James' joinder and defendant requested a companion order for release. Both petitions were addressed to the equitable powers of this court.

The court of common pleas has original jurisdiction to hear matters in equity. 42 Pa.C.S.A. §102, §931 (a). As no adequate remedy at law exists , this matter is properly brought in equity. 42 Pa.C.S.A. §5501 (c).

The continuing duty of a husband to support his wife is well established. See Commonwealth v. Turner, 258 Pa. Super. 388, 392 A.2d 848, 850 (1978). There has been no evidence offered that James contributed at all to the support of his wife subsequent to his separation. Nor has there been

any averment or proof that he assumed responsibility for any medical expenses. These factors are important in determining exactly to what extent if any he suffered loss of consortium.

Since there is no allegation that husband-plaintiff has incurred medical expenses (in fact paid for by Commonwealth of Pennsylvania) he has no such claim. Husband-plaintiff then grounds his interest solely on his loss of his wife's services and society. See Hopkins v. Blanco, 457 Pa. 90, 320 A.2d 139, 140 (1974). Little v. Jarris, 219 Pa. Super. 156, 280 A.2d 617 (1971). Clearly, Husband's only viable claim must rest on any loss of services and society, and then only between May of 1972 and December of 1974.

An award for loss of consortium is founded on the assumption that the husband and wife continue to reside together. See Griffin v. United States, 500 F.2d 1059, 1071 (1974). In the instant case, after a lengthy and complete separation from his spouse, James has no claim to future loss of consortium damages. At best, he has a claim for past losses which, in light of the circumstances, are de minimis and speculative.

It has been held that where a husband abandons his wife he forfeits all rights to damages based on injuries to her. See Loughrey v. Pa. R. Co., 284 Pa. 267, 131 A. 260, 262 (1925). Although there have been no recent decisions to reiterate this legal maxim, it nevertheless remains a sound one.

By way of analogy, it is notable that a spouse who abandons his or her mate loses the right both to elect against a spouse's will, and to inherit via intestacy. 20 Pa. C.S.A. §2106, 2509. Clearly the logic on which these statutes are premised is equally applicable instantly.

In view of the fact that the husband, James, has separated willfully from his wife, and that for over six years she has received no support from him, that she is permanently disabled, and that the amount to be distributed is not outstandingly large, the decision of this court to approve the instant petitions is equitably required under the existing circumstances.