**Duke v. Kepner**

*R. Kirkland McQuiddy, Jeffrey L. Naftulin,* for plaintiffs.
*William B. Moyer,* for defendants.

BORTNER, *J.,* December 23, 1981—This action arose out of a tragic automobile accident in which Terry Lee Duke was instantly killed. On August 4, 1974, Mr. Duke was a passenger in a vehicle operated by Dennis M. Kepner, co-defendant in this action. Mr. Kepner lost control of the vehicle, it swerved from the road and collided with a tree. Mr. Duke was 18 years old at the time of the accident.

Wrongful death and survival actions were brought by the parents of decedent, as administrators of his estate. At trial, the parties entered into a stipulation that the accident resulted in the instantaneous death of decedent. Plaintiffs asserted no claim for conscious pain and suffering. It was also stipulated that the amount for hospital, funeral and state administration expenses was $1,742.70. Plaintiffs presented various witnesses who testified to decedent's character, employment history and projected future earnings. Defendants rested without the presentation of any direct testimony or other evidence in their defense.

After the jury heard the evidence in this case, the trial court delivered a complete and accurate charge to the jury. The jury was specifically instructed that should they find defendant negligent, they should return a verdict in the form of two lump sums, one for the wrongful death action and one for the survival action. The jury returned a verdict that appeared to lack the concurrence of the necessary five sixths of the jury. In addition, the jury apparently failed to return separate damages for the wrongful death and survival actions. The court sent the jury back to deliberate. They returned with

a verdict for plaintiff in the amount of $9,242.70 on the wrongful death action and for defendant in the amount of zero on the survival action.

Plaintiffs moved for a new trial. The motion was granted and defendants have appealed.

Plaintiffs point to a number of inconsistencies in the verdict indicating confusion on the part of the jury. After being instructed by the trial court, the jury returned with the following verdict on the wrongful death action:

"We find him guilty to pay all the expenses incurred in the death and accident, with the total, I believe, was seventeen hundred seventy four dollars seventy four cents.

Two, pay seventy five hundred dollars from date of death until December 1978 and the amount after that, nothing."

On the survival action, the jury's verdict was as follows:

"It was zero amount now. It was—that would be the time from, the time 1979 up to his future earnings is that?"

This verdict was evidently the product of confusion concerning the distinction between a wrongful death action and a survival action. It is apparent that the jury included damages in the wrongful death action award that properly belong in the survival action award. The wrongful death action award included $1,742.70 representing the stipulated amount for hospital, funeral and estate administration expenses. Both parties agree that the remaining $7,500, as indicated by the verdict read by the foreman, represented the net expected earnings from decedent's death until the date of trial. This last sum should have been included in the survival action award.

The foreman's response to the clerk's request for the jury's verdict on the survival action is also confused. It is in the form of a question rather than a verdict. Furthermore, the jury did not follow the court's explicit instructions to return a verdict in the form of two lump sums if defendant was found to be negligent.

At plaintiffs' request, the jury was polled. The polling revealed more evidence of confusion. Only seven of the 11 jurors returned a verdict for plaintiff on the wrongful death action in the amount of $9,224.70. The other four returned the following awards: $9,224.00, $1,774.70, $9,242.70, $9,224,74. The verdict on the survival action was similarly confused. Eight of the 11 jurors returned a verdict of simply zero damages. One juror returned a verdict of simply zero damages. One juror returned a verdict for defendant in zero amount and another for plaintiff in zero amount. A third juror responded: "Plaintiff. I'm sorry, your Honor, it is not clear to me." When the court explained that he had already given his verdict on the wrongful death action and was now being asked for his verdict on the survial action, he replied: "The amount is zero."

In an attempt to resolve the apparent lack of unanimity on the wrongful death action, the trial court returned the jury again to redeliberate. Upon their return, they were asked for their verdict on the wrongful death action and replied:

"Jury: For the plaintiff.

The Clerk: And in what amount?

Jury: Nine thousand two hundred forty two dollars seventy cents.

The Clerk: On the count number two, survival action, how say you? In favor of the plaintiff or defendant?

Jury: For the defendant, for zero amount."

The jury was again polled. On the wrongful death action all 11 jurors found for plaintiff. Ten awarded $9,242.70 in damages. Juror number four returned an award for $1,774.70. On the survival action all 11 found for defendant for zero amount.

While the necessary five- sixths of the jury concurred in the verdict on both counts, a number of inconsistencies remain. The jury has still included part of the survival action award in the wrongful death award. They have arguably ignored the court's instructions to return a verdict in two lump sums. And perhaps most obviously, they have found for plaintiffs on the first count but for defendant on the second count. Clearly, however, if plaintiffs were awarded damages on the first count because of defendant's negligence, then logic demands that the jury also find for plaintiffs on the second count.

A new trial is the appropriate remedy where a verdict indicates the jury is in a state of confusion: Hanolt v. Mluker, 421 Pa. 136, 218 A. 2d 750 (1966). In Rusidoff v. DeBolt Transfer, Inc., 251 Pa. Superior Ct. 208, 211-12, 380 A. 2d 451, 453 (1977), the Pennsylvania Superior Court observed:

It is firmly established that strict form is not required in a verdict. It is essential, however, that a jury's intention be free of ambiguity and clearly understood: Palmer v. Foss Motors, Inc., 458 Pa. 535, 327 A. 2d 80 (1974). . . . Moreover, if a verdict shows confusion and lack of understanding of the issues involved a new trial may be granted: Keeler v. Bair, 407 Pa. 335, 180 A. 2d 914 (1962).

Furthermore, inconsistent and contradictory verdicts require a new trial as well: Interstate Creamery, Inc. v. Reinerth, 212 Pa. Superior Ct. 335, 243 A. 2d 451 (1968); Thompson v. Iannuzzi, 403 Pa. 329, 169 A. 2d 777 (1961).

Defendant, however, asserts that the intent of the jury can be discerned and the verdict should, therefore, be molded: Hornak v. Pittsburgh Railways Company, et al., 433 Pa. 169, 249 A. 2d 312 (1969); Westra v. Bennick, 245 Pa. Superior Ct. 257, 369 A. 2d 392 (1976).

If the only problem with the verdict was the apparent inconsistencies and confusion that we have indicated, we might agree with defendant. There is, however, a more fundamental difficulty with the verdict. The jury has evidently misunderstood the nature of a survival action. Not only did they place that part of the survival action award corresponding to the net amount decedent would have earned between the time of his death and the trial with the wrongful death action, but they failed to award decedent's estate any damages for the loss of decedent's net earnings from the time of trial until the end of his life expectancy.

In this case decedent was an 18 year old male in good health. At the time of his death he had a history of employment. Most recently, he was employed as a nursery worker and was earning $3.85 an hour. It is true, however, that decedent was not a high school graduate and was employed in seasonal work. Plaintiffs' expert witness, Andrew Verzilli, an economics consultant and associate professor of economics at Drexel University, testified that his estimate of the present value of decedent's expected future earnings minus maintenance was $107,909. Leonard Goodfarb, an actuary, testified that he derived a figure of $79,000 for this part of the survival action award.

The jury was, of course privileged to disbelieve the expert testimony on this subject. Nevertheless, it is contrary to human experience to find that an individual such as decedent would have no net fu-

ture earnings. The Pennsylvania Supreme Court held in Thompson v. Iannuzzi, 403 Pa. 329, 332, 169 A. 2d 777, 778-79 (1961) that: "It is true that the jury is the final arbiter of facts, but it may not, in law, ignore what is patent to the eye, obvious to the mind and clear to the normal processes of ordinary computation." Under these circumstances, a verdict that holds defendant negligent but does not award any damages for the loss of decedent's net future earnings is capricious and bears no reasonable resemblance to the damages proved. See Dalton Street Ry. Co. v. City of Scranton, 326 Pa. 6, 191 A. 133 (1937); Reid v. Oxendine, 275 Pa. Superior Ct. 548, 419 A. 2d 36 (1980); Prince v. Adams, 229 Pa. Superior Ct. 150, 324 A. 2d 358 (1974).

The verdict is also inconsistent. Both parties agree that the jury intended to award $7,500 to decedent's estate for the loss of decedent's net earnings during the four years between the time of death and the trial. This portion of the survival action award was mistakenly included with the wrongful death award. Despite the jury's conclusion that the estate lost $7,500 during these four years, the jury found that the present value of the net future earnings of decedent was zero. See Thompson v. Iannuzzi, 403 Pa. 329, 169 A. 2d 777 (1961); Cohen v. Food Fair Stores, Inc., 190 Pa. Superior Ct. 620, 155 A. 2d 441 (1959).

In finding that a new trial was required because the verdict was inconsistent, the Pennsylvania Supreme Court in Pascarella v. Pittsburgh Ry. Co., 389 Pa. 8, 13, 131 A. 2d 445, 447 (1957), held that: "Once a jury imposes legal liability on a responsible party they may not wilfully or capriciously withhold payment of an item which is inextricably interwoven in the pattern of liability."

If the jury had returned for plaintiffs a nominal

award representing decedent's net future earnings, we might not grant a new trial: Gudat v. Heuberger, \_\_\_\_ Pa. Superior Ct. \_\_\_\_, 419 A. 2d 30 (1980). But in this case, we must conclude that the jury was acting either capriciously or the inconsistent verdict represented a misapprehension of the law or the evidence. Consequently, the motion for a new trial was properly granted.