## Wojciak v. Security—Peoples Trust Company

*George M. Schroeck,* for plaintiffs.
*Roger H. Taft,* for defendant.

NYGAARD, *J.,* January 26, 1984—Plaintiff filed an amended complaint against defendant, Security-Peoples Trust Company, seeking damages as a result of the discharge of Kay Wojciak as an employee of Security-Peoples Trust Company on or about

April 10, 1981. Plaintiffs contend that Kay Wojciak ostensibly was discharged for violation of a bank rule which prohibited an employee from using her employment with the bank to further her outside business interests, but the actual motivation for her discharge, it is alleged, was age discrimination or alternatively, breach of an implied contract of employment.

Counts 1, 2 and 5 of the amended complaint seek damages for plaintiff Kay Wojciak under hybrid common law theories of wrongful discharge sounding in tort yet alleged based upon contract. Count 3 seeks damages for plaintiff Kay Wojciak for an alleged breach of an implied employment contract, sounding in assumpsit. Count 4 seeks damages for plaintiff Kay Wojciak for an alleged intentional infliction of emotional distress. Finally, Count 6 is a derivative claim for loss of consortium by plaintiff Adam Wojciak, husband of plaintiff Kay Wojciak.

Defendant has filed preliminary objections in the nature of a demurrer to all counts of the amended complaint. Plaintiff candidly admits that plaintiffs did not pursue available federal or state statutory and administrative remedies for age discrimination and elected a common law cause of action. (Amended Complaint, paragraph 18). The court finds this to be fatal to plaintiffs' claim, and sustains defendant's demurrer.

First of all, Counts, 1, 2 and 5 of the amended complaint seeks damages under Commonwealth theories of wrongful discharge. Plaintiff Kay Wojciak asserts that the sole motivation for her discharge was age discrimination. Since both federal and state law contains specific statutory remedies for age discrimination, plaintiff Kay Wojciak is barred from pursuing common law claims for

wrongful discharge, Age Discrimination in Employment Act, 29 USC§621 et seq. Pennsylvania Human Relations Act, 43 P.S.§951 et seq. Plaintiff candidly admits she did not pursue her administrative remedies. She states however that she has "elected" to pursue a common law cause of action for wrongful discharge. Unfortunately for plaintiff, there is none. See Geary v. United States Steel Corp., 456 Pa. 171, 319 A.2d 174 (1974) which states at page 174:

"Appellant candidly admits that he is beckoning into uncharged territory. No court in this Commonwealth has ever recognized a non-statutory cause of action for an employer's termination of an at-will employment relationship. What scant authority there is on the subject points the other way."

The court also states at page 175:

"Absent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relationship for any or no reason."

See also Bonham v. Dresser Industries, Inc., 569 F.2d 187 (3d Cir. 1978); Bruffet v. Warner Communications, Inc., 692 F.2d 910 (3d Cir., 1982).

Further, the amended complaint does not allege the existence of an employment contract which will change her status from an at-will employee. Plaintiff merely alleges that her implied contract "would exist for a reasonably extensive period of time" and that she would be employed "until she was retired." Plaintiff fails to allege the basis upon which this implied contract is based. Further, in the absence of an agreement for a fixed period of time, the plaintiff was an employee at-will who could be terminated for any reason or no reason. Ruch v. Strawbridge &

Clothier, Inc., 567 F.Supp. 1078 (E.D. Pa. 1983); Beidler v. W. R. Grace, Inc., 461 F.Supp. 1013 (E.D. Pa. 1978). A mere expectation by plaintiff is insufficient to establish a contract of employment. She remained an employee at-will until such time as she was discharged.

Plaintiff also demands punitive damages for defendant's actions. This claim is also based upon her wrongful discharge, for which she has administrative remedies, upon this implied contract. "It is hornbook law that punitive damages are not recoverable in breach of contract actions . . . Pennsylvania has long followed this rule." Gurnick v. Government Employees Insurance Co., 278 Pa. Super. 437, 420 A.2d 620 (1980) at p. 440. Upon facts pleaded by plaintiff, she is not entitled to punitive damages.

Count 4 of the amended complaint seeks damages for intentional infliction of emotional distress. This claim is likewise dismissed because plaintiff has not alleged the type of extreme and outrageous conduct for which recovery is permitted under Pennsylvania law. The facts pleaded by plaintiff, even if proved at trial, would be insufficient for this court to permit the issue to go to a jury. In order to recover for intentional infliction of emotional distress, plaintiff must establish an extreme or outrageous conduct which goes beyond all reasonable bounds of decency. Forster v. Manchester, 410 Pa. 192, 189 A.2d 147 (1963); Jones v. Nissenbaum, et al, 244 Pa. Super. 377, 368 A.2d 770 (1976); Cautilli v. GAF Corporation, 531 F.Supp. 71 (E.D. Pa. 1982). Further the type of despicable conduct necessary to establish this tort is set forth at Comment (d) to Restatement (Second) of Torts §46:

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

The allegations contained in plaintiffs' amended complaint failed to meet this standard and the facts alleged by plaintiff, even if proved at the time of the trial, would be insufficient for this court to permit the issue considered by a jury.

Finally, Count 6 of the amended complaint seeks damages on behalf of plaintiff's husband, Adam Wojciak. These are likewise dismissed because the husband's claim for loss of consortium is derivative in nature. Since plaintiff is not entitled to any recovery under Counts 1 through 5, the husband's claim is likewise discharged. Riesberg v. Pittsburgh & Lake Erie Railroad, 407 Pa. 434, 180 A.2d 575 (1962); Little v. Jarvis, 219 Pa. Super. 156, 280 A.2d 617 (1971).

Accordingly, the court enters the following

## ORDER

And now, this January 26, 1984, upon consideration of defendant's petition and defendant's brief thereon* defendant's preliminary objections are sustained.

---

*Defendant filed his preliminary objections on August 9, 1983. The brief thereon was filed on December 8, 1983. Plaintiff failed to comply with the provisions of Erie County Rule of Civil Procedure 302(e) and filed no brief. The matter was submitted to the court for determination of the issue without oral argument.