## Shea v. Stoltz

*Joseph V. Kasper,* for plaintiff.
*John J. Aponick,* for defendant.

DALESSANDRO, *J.,* December 20, 1984—

### NATURE OF PROCEEDING

This matter is before the court en banc on plaintiff's motion for new trial on the issue of damages only.

### HISTORY AND FACTS

On January 7, 1982, plaintiff filed a complaint in trespass against defendant, alleging that on or about

June 25, 1980, plaintiff was suddenly and viciously attacked by a dog owned by defendant. The complaint further stated that, as a result of the injury, plaintiff suffered severe mental and physical harm, was permanently scarred, and was unable to proceed with her normal daily duties for a period of two weeks following the incident. Defendant's demand for a jury trial was made on January 15, 1982. The case was heard on November 14 and 15, 1983, with the jury rendering a verdict in favor of plaintiff for medical bills only ($182.95). Delay damages of $32 were added by this court.

On November 21, 1983, plaintiff timely filed a motion for new trial, on damages only. Because of difficulties in transcribing the testimony of the trial, numerous continuances were granted for the date of oral argument on this issue. Both parties submitted briefs, and arguments were heard before the court en banc on June 5, 1984.

## DISCUSSION AND LAW

In her motion for new trial, on the issue of damages only, plaintiff contends the following:

"The jury returned a verdict for medical expenses only, but not for pain and suffering and permanent disfigurement although such claims had been made and proven. The verdict is therefore inconsistent and inadequate as a matter of law. Furthermore, said verdict was against the law and the charge of the Court."

After a thorough and fair review of the record, we must agree with plaintiff's contentions.

It is well-settled that whether to grant a new trial on the grounds of inadequacy of the verdict is peculiarly within the competence of the trial court, and its discretion is considerable. See Bortner v. Gladfelter, 302 Pa.Super. 492, 448 A.2d 1386

(1982). "A trial judge does not sit as a thirteenth juror, substituting his judgment for that of the jury, but it is his duty to review the entire record and if he concludes that a serious injustice has been done, he should grant a new trial." Buck v. Scott Twp., 325 Pa.Super. 148, 155, 472 A.2d 691, 694 (1984). Before a new trial may be granted on grounds of inadequacy of the verdict, "the injustice of the verdict should stand forth like a beacon." Bortner, supra, at 496, 448 A.2d at 1388.

In Little v. Jarvis, 219 Pa.Super. 156, 280 A.2d 617 (1971), the jury awarded no damages to Amanda Little herself for the pain, suffering, and inconvenience which the evidence showed she had endured during and after the automobile accident in which she was involved; however, Amanda Little's husband was awarded compensation for his wife's medical bills and for housekeeping expenses incurred while his wife was recovering. The Superior Court found that "[t]his type of verdict, as to these damages, is inconsistent and is inadequate as a matter of law." Little, supra, 219 Pa.Super. at 162, 280 A.2d at 620. Little, supra, cites Todd v. Bercini, 371 Pa. 605, 92 A.2d 538 (1952), for the rule of law, which is metaphorically stated as follows:

"When it is apparent that a jury by its verdict holds the defendant responsible for a whole loaf of bread, it may not then neglectfully, indifferently, or capriciously cut off a portion of that loaf, as it hands it to the plaintiff." Todd, supra, 371 Pa. at 608, 92 A.2d at 539.

An analogous situation to the present case arose in Thompson v. Iannuzzi, 403 Pa. 329, 169 A.2d 777 (1961), wherein a new trial was awarded, in part because of the jury's inconsistent verdict; the verdict rendered found that defendant acted negligently, but limited recovery to the medical bills in-

curred by plaintiff. The Pennsylvania Supreme Court found that the jury ignored "what is patent to the eye, obvious to the mind and clear to the normal processes of ordinary computation" when it reached its verdict. Thompson, supra, 403 Pa., at 332, 169 A.2d at 778-779.

In reviewing the record presently before us, we note that in addition to testimony offered on liability, there was testimony presented as to plaintiff's condition after the dogbite. Plaintiff testified that after the incident she went home and then to the hospital. Plaintiff described the injury and subsequent treatment as follows:

". . . It was bleeding, it was black and blue, it was a very big black and blue mark on top of my leg. There was a hole, a puncture and a scrape toward the bottom of the black and blue mark.

• • •

The hospital, when I went to the hospital, they cleaned it all up for me and they gave me a tetanus shot, bandaged it and gave me an extra bandage in case the bleeding kept going through the night."

Plaintiff also testified that she consulted with several doctors after the hospital treatment because her leg was not healing. Photographs of the injury were admitted as plaintiff's exhibits 1-4; Exhibit 4 was described by plaintiff as:

"It's me standing on my porch with a bandage on my leg and the black and blue mark."

Plaintiff also testified to the pain and restriction of activities which she experienced from the bite.

Dr. Chan Ku Chung, a specialist in plastic surgery, was called on behalf of plaintiff, and he testified that the dogbite permanently, albeit inconspicuously, scarred the right thigh of plaintiff. As of the date of trial, Dr. Chung stated that the present area of scarring measured seven millimeters by

three millimeters, and he characterized such a scar as "somewhat noticeable but inconspicuous".

Based on such testimony, the jury found defendant negligent and properly held defendant liable for plaintiff's medical bills. However, the verdict is inconsistent as a matter of law in that the jury has arbitrarily denied compensation for any inconvenience, pain and suffering, or permanent disfigurement caused by the dogbite. There is no doubt that the jury believed that plaintiff was bitten by defendant's dog and that she required medical attention; the verdict attests to this conclusion. It is illogical to halt a damage award here, though, as the evidence and common sense indicate that plaintiff has suffered beyond the extent of her medical bills. Plaintiff must be further compensated to be whole; even if her inconvenience, pain and suffering, or permanent disfigurement is nominal, she must recover accordingly.

In light of the inconsistent verdict rendered, this court now grants plaintiff's motion for new trial, limited to the issue of damages.

An appropriate order will be entered.

## ORDER

Now, this December 20, 1984, it is hereby ordered that plaintiff's motion for new trial, limited to the issue of damages, is granted.