**Beverly BORLANDOE, M.D., Plaintiff,**

v.

**UNITED STATES of America, Department of the Interior, and United States National Park Service, Defendants.**

**Civil Action No. 98–2846.**

United States District Court,
E.D. Pennsylvania.

March 1, 2000.

Agostino Cammisa, Marion, Satzberg, Trichon, Kogan & Wertheimer, P.C., Philadelphia, PA, for Plaintiff.

Richard Bernstein, U.S. Attorney's Office, Philadelphia, PA, for Defendants.

## DECISION

JOYNER, District Judge.

Plaintiff, Beverly Borlandoe, M.D., instituted this negligence action against defendants the United States of America, the Department of the Interior, and the United States National Park Service. This matter was heard non-jury before the undersigned on July 14, 1999, and based upon the evidence presented, we now make the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On April 21, 1997, at approximately 9:30 a.m., Beverly Borlandoe, M.D., tripped and fell on the sidewalk at the Southwestern corner of 4th and Chestnut Streets in Philadelphia, Pennsylvania. (N.T. at 9).

2. The sidewalk in question is part of Independence National Park, and is under the control of the United States National Park Service. (Stipulation of Uncontested Facts ¶ 2).

3. The sidewalk in question was constructed of bricks. (Defendants' Proposed Findings of Fact ¶ 14).

4. Dr. Borlandoe was wearing athletic shoes at the time of the accident. (N.T. at 8–9).

5. Dr. Borlandoe tripped on an uneven brick in the sidewalk, causing her to fall forward fast and hard. (N.T. at 9).

6. The uneven brick that caused Dr. Borlandoe to fall was raised approximately ¼ inch above the surrounding bricks. (N.T. at 45–46).

7. Immediately after the fall, Dr. Borlandoe looked at the area of the sidewalk where she fell and saw uneven bricks. (N.T. at 10).

8. Shortly after the fall, Larry Norman, a maintenance employee, examined the area and noticed uneven bricks, raised approximately ¼ inch in height. (N.T. at 45–46).

9. Defendants' policy required that if a brick is raised by ¼ inch, that condition requires a report to be made and the defect to be repaired as soon as possible. (N.T. at 55–56).

10. A park ranger took photographs of the accident area within 24 hours of the accident. (N.T. at 52–53).

11. These photographs taken by the park ranger subsequently disappeared. (N.T. at 53).

12. Dr. Borlandoe was taken from the accident scene by ambulance to the emergency room at Thomas Jefferson University Hospital. (N.T. at 15).

13. X-rays revealed that Dr. Borlandoe, who is right-handed, had suffered a 3rd degree separation of her right shoulder. (Stipulation of Uncontested Facts ¶ 3).

14. Prior to the accident of April 21, 1997, Dr. Borlandoe had no injury or problem with her right shoulder. (N.T. at 24).

15. On her way home from the emergency room Dr. Borlandoe passed the scene of her trip and fall and again noticed uneven bricks. (N.T. at 17).

16. Dr. Borlandoe came under the care of an orthopedic surgeon, Dr. Eric Hume. M.D., at the Thomas Jefferson University Hospital. (Stipulation of Uncontested Facts ¶ 4).

17. Dr. Hume started Dr. Borlandoe on a regimen of physical therapy for her right shoulder separation. Dr. Borlandoe participated in this therapy three times per week, for an hour at each visit, from the period May, 1997 through early September, 1997. (N.T. at 20).

18. Dr. Borlandoe was also instructed to perform certain exercises at home to supplement the physical therapy at the hospital. (N.T. at 22).

19. Dr. Borlandoe purchased equipment to use in the exercises at home and continues to do those exercises to the present day. (N.T. at 22).

20. Dr. Borlandoe incurred medical bills in the amount of $3,981.80 for the aforementioned treatment. This treatment was made necessary by Dr. Borlandoe's fall, and the bills are fair and reasonable. (Stipulation of Uncontested Facts at ¶ 5).

21. As a result of the injury Dr. Borlandoe lost wages of $11,000.00. (Stipulation of Uncontested Facts at ¶ 7).

22. Both the injury and the therapy were painful for Dr. Borlandoe. (N.T. at 15, 21).

23. Dr. Borlandoe has pain in her right shoulder to the present day. (N.T. at 23).

24. There is a mild deformity of Dr. Borlandoe's right shoulder as a result of the injury. (N.T. at 25–26).

25. The pain and suffering losses suffered by Dr. Borlandoe have a monetary value of $35,000.00.

### DISCUSSION

■ Plaintiff, Dr. Beverly Borlandoe, brought this negligence action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), after her slip and fall on April 21, 1997. This is an ordinary negligence case, governed by Pennsylvania law. The sidewalk on which Dr. Borlandoe fell is part of Independence National Park, and thus is under the control of the United States Park Service. Plaintiff in this case was a public invitee on Defendants' sidewalk. *See Updyke v. BP Oil Co.,* 717 A.2d 546, 549 (Pa.Super.1998). A possessor of land is subject to liability for physical harm to its invitees by a condition on the land if: (i) the possessor knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to invitees; (ii) the possessor should expect that invitees will not discover or realize the danger, or will fail to protect themselves against it; and (iii) the possessor fails to exercise reasonable care to protect invitees against the danger. *See McKenzie v. Cost Bros., Inc.,* 487 Pa. 303, 409 A.2d 362, 364 (1979). The Court views this standard in light of Defendants' policy of regularly inspecting the sidewalks and requiring immediate repair of any brick that is raised by ¼ inch, and further in light of the Court's determination that a sidewalk brick raised by ¼ inch poses an unreason-

able risk of harm. In view of the evidence put before the Court, it is clear that if Dr. Borlandoe tripped on a brick that was raised by ¼ inch, then Defendants breached their duty of care owed to Dr. Borlandoe.

█ The key issue in this case, then, is whether there was in the sidewalk in question a brick raised by ¼ inch, and if so whether Dr. Borlandoe tripped over that brick. Indeed, Defendants state in their Trial Memorandum, this "case does not present any unusual legal issues, but simply requires an application of well-settled law to the specific events and occurrences at hand." Government's Trial Memorandum at 1. The Court found Dr. Borlandoe to be a very credible witness. Further, the Court feels that the disappearance of the photographs taken by Defendants after the accident warrants that a negative inference be drawn regarding the contents of those photographs. The Court was persuaded that both Dr. Borlandoe and Larry Norman' identified sidewalk bricks raised by at least ¼ inch, and that it is more probable than not that Dr. Borlandoe tripped on one of these bricks on April 21, 1997. Because the Court finds that a sidewalk brick raised by ¼ inch poses an unreasonable risk of harm, the Court finds that Defendants breached a duty of care that it owed to Dr. Borlandoe, and accordingly that Defendants' negligence caused Plaintiff's fall and resulting damages.

Having found Defendants to be liable, the Court must determine damages. Plaintiff is entitled to compensation for medical expenses and lost wages, as well as for pain and suffering. *See, e.g., Thompson v. Iannuzzi*, 403 Pa. 329, 332, 169 A.2d 777 (1961). Plaintiff's medical bills totaled $3,981.80, and her lost wages amount to $11,000.00. The Court further finds that Plaintiff is entitled to $35,000.00 for pain and suffering damages. Plaintiff's total damages are thus $49,981.80.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1346(b).

2. When walking on the sidewalk on the Southwestern corner of 4th and Chestnut Streets in Philadelphia, Pennsylvania, Plaintiff was a public invitee on Defendants' land.

3. Defendants owed a duty to a public invitee on their land to exercise reasonable care to protect the invitee from conditions that pose an unreasonable risk of harm and that the invitee would not likely discover on her own.

4. Defendants breached this duty that they owed to Plaintiff by failing to exercise reasonable care to protect her from uneven bricks in its sidewalk, which posed an unreasonable risk of harm to Plaintiff.

5. This breached duty of care was the proximate and actual cause of Plaintiff's fall, and the injuries and damages that resulted from this fall.

6. As a result of Plaintiff's fall, she suffered damages of $3,981.80 in medical costs, $11,000.00 in lost wages, and $35,000.00 in pain and suffering. Her total damages were thus $49,981.80.

An appropriate Order follows.

## ORDER

AND NOW, this __ day of March, 2000, it is hereby ORDERED that Judgment is Entered in Favor of Plaintiff and against Defendants the United States of America, the Department of the Interior, and the United States National Park Service, in the amount of $49,981.80.