Philip C. BROWN, Plaintiff,

v.

PEOPLES SECURITY INS., Defendant.

Civ. A. No. 94–4544.

United States District Court, E.D. Pennsylvania.

May 19, 1995.

---

Philip C. Brown, Bloomsburg, PA, pro se.

Kevin R. McNulty, German, Gallagher & Murtagh, Philadelphia, PA, for defendant.

### MEMORANDUM AND ORDER

HUYETT, Judge.

Pending before the Court is Defendant Peoples Security Insurance Company's Mo-tion for Summary Judgment.[1] Pro se Plaintiffs Philip C. Brown ("Plaintiff" or "Mr. Brown") and his wife, Rosalie A. Brown, filed a complaint that, construed liberally, appears to set forth claims based on breach of contract, negligent and intentional infliction of emotional distress, and loss of consortium. Defendant Peoples Security Insurance Company's ("Defendant's") motion is **GRANTED.**

### I. Background

In August 1992, Defendant hired Mr. Brown.[2] His duties included servicing existing clients, which included making name or beneficiary changes, updating and explaining provisions, and processing death claims; collecting premiums and remitting them to Defendant; delivering and explaining a new way of payment; and selling Defendant's products. It is undisputed that Mr. Brown signed an employment agreement which provided as follows:

> Either party may, at any time, with or without cause terminate this agreement by giving the other party notice of termination. The agreement shall automatically terminate upon the death of Representative or should Representative cease to be duly licensed. Upon termination, however occurring, Representative shall be entitled to receive no further compensation of any kind and no further benefits except those required by law.

Answer Ex. A (Account Representative's Employment Agreement). In August 1993, Mr. Brown's employment was terminated.[3] Mr. Brown believes he "had no choice but to be terminated" because Defendant failed to take action to respond to his complaints that his supervisor, Gerry Steigerwalt, "was using unethical and illegal practices to advise, sell,

---

1. Although Plaintiff has not filed a response in opposition to Defendant's motion, the Court regards Plaintiff's pro se motion for summary judgment as a response because it addresses some of Defendant's arguments.

2. Plaintiff claims he was an "account executive," while Defendant alleges and the employment agreement states that he was an "account representative."

3. The termination form states that Mr. Brown wished to terminate his employment because he was "not compatible with duties and expectations of job description." Def.'s Mot. for Summ. J.Ex. C2 (Termination Form). Plaintiff alleges that Defendant terminated his employment because he was "[u]nable to perform the duties of his position/job." Compl. ¶ 7.

and replace life insurance and related products." Compl. ¶¶ 10, 15.

Based on the complaint, Mr. Brown appears to seek recovery in three areas. First, he alleges that after his termination, his former clients continued to call him because Defendant never notified them of his termination. Mr. Brown believes he is entitled to compensation for answering telephone calls from September 1993 to May 1994. In his motion for summary judgment, he argues for the first time that instead of being terminated as an employee in August 1993, he was actually reclassified or given different duties. Pl.'s Mot. for Summ.J. at 2. The Court considers these allegations to support a breach of contract claim.[4] Second, Mr. Brown appears to claim he suffered emotional distress because he was required to engage in illegal and unethical conduct as a condition of his employment, because Defendant failed to respond to his complaints concerning these practices, particularly the practices of Gerry Steigerwalt, and because Defendant failed to notify his former clients of his termination, which lead to telephone calls to his home. The Court considers these allegations to raise claims for the torts of intentional and negligent infliction of emotional distress. The Court also considers Plaintiff's apparent claims for pain and suffering and punitive damages as part of the tort claims. Finally, Mrs. Brown seeks damages for her loss of consortium. These claims are discussed in turn.

## II. *Discussion*

### A. *Summary Judgment Standard*

▮▮▮▮ Summary judgment is proper when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court's role is to determine "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir.1993). The moving party has the

burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Further, all reasonable inferences that can be drawn from the record must be viewed in the light most favorable to the non-moving party. *Connors v. Fawn Min. Corp.*, 30 F.3d 483, 489 (3d Cir.1994); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). However, if the non-moving party fails to adduce sufficient evidence in connection with an essential element of the case for which it has the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

### B. *Breach of Contract*

▮▮▮▮ Defendant is entitled to judgment as a matter of law on Mr. Brown's breach of contract claim. First, it is undisputed that his employment agreement states that upon termination of employment, he was not entitled to compensation or benefits except as required by law. Plaintiff has identified no law which would require him to be paid. Second, there is no evidence on the record that Mr. Brown was not terminated and that he remained an employee with different duties. The only evidence on the record is that his employment was terminated. His termination form states, "I, Philip C. Brown wish to terminate my employment with the company effective 8–27–93 for the following reason(s): not compatible with duties and expectations of job description." Def.'s Mot. for Summ.J.Ex. C2. Mr. Brown's allegations in his memorandum asserting otherwise are insufficient to create a material issue of fact. In fact, in his complaint, he admits that he was terminated on August 27, 1993. Compl. ¶ 7. Finally, there is no evidence of any other implied or express contract between the parties. The Court is conscious of the fact that Mr. Brown is proceeding pro se and entitled to all reasonable latitude. However, after reviewing all of Mr. Brown's submis-

---

4. From Plaintiff's motion for summary judgment, it appears that Plaintiff may also believe that he was wrongfully discharged. Because this claim

was not raised in the complaint or at any time prior to that motion, the Court does not consider it properly raised and does not reach its merits.

sions, the Court concludes that he fails to raise a genuine issue of material fact.

### C. *Infliction of Emotional Distress*

■■■ Mr. Brown's claims for damages based on intentional and negligent infliction of emotional distress do not withstand Defendant's motion for summary judgment. Pennsylvania recognizes the tort of intentional infliction of emotional distress. *Clark v. Township of Falls*, 890 F.2d 611, 623 (3d Cir.1989). Pennsylvania has adopted the Second Restatement of Torts which defines the tort of intentional infliction of emotional distress as follows:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Restatement (Second) of Torts § 46 (1965). The Third Circuit Court of Appeals has broken this definition down into the following four elements: (1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) the conduct must cause emotional distress; and (4) the distress must be severe. *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir.1979); *Weinstein v. Bullick*, 827 F.Supp. 1193, 1203 (E.D.Pa.1993). The conduct at issue must be " 'atrocious' and 'utterly intolerable in a civilized community.' " *Clark*, 890 F.2d at 623 (quoting Restatement (Second) of Torts § 46, cmt. d).

Plaintiff appears to claim it was an intentional infliction of emotional distress (1) for Defendant to require him to engage in illegal and unethical practices, (2) for Defendant to fail to take action with respect to his complaints concerning Gerry Steigerwalt, and (3) for Defendant to allow his former clients to continue to call him after his termination. With respect to the first two allegations, no evidence on the record supports Plaintiff's claim that Defendant's alleged conduct ever occurred.

■■■ Mr. Brown's submissions in support of his claim that he was required to engage in unethical practices do not create a genuine issue of material fact. First, the two-page letter in which Mr. Brown details some allegedly outrageous insurance practices cannot be considered an opposing affidavit because there is no indication that the statements it contains are based on personal knowledge. *See* Fed.R.Civ.P. 56(e). Furthermore, his statements concerning other persons are hearsay and would not be admissible as evidence in trial. Second, Plaintiff submits "two (2) pages of rate/pricing information of training materials of the Defendant." Pl.'s Mot. for Summ.J. at 5. The Court is unable to decipher this exhibit and concludes that it does not create a genuine issue of material fact. Finally, Plaintiff mentions in his motion for summary judgment that he has located another agent to substantiate his claims concerning Gerry Steigerwalt's unethical practices. Plaintiff states, "I hope to have his statement in time for submittal of these documents as I talked to him on March 3, 1995 at 8:00 am by phone. This statement will go to further prove how OUTRAGEOUS the actions of the Defendant really were." Pl.'s Mot. for Summ.J. at 6. Plaintiff however, never submitted an affidavit or statement from this agent. Plaintiff's allegation that he has a witness to support his claims does not create a genuine issue of material fact. Because there are no facts in the record which suggest that the actions of which Plaintiff complains ever occurred, summary judgment for Defendant is appropriate with respect to his claim that he was required to engage in unethical practices.

■■■ The factual record also provides no support to Plaintiff's allegation that Defendant failed to respond to his complaints concerning Gerry Steigerwalt. The only evidence on the record concerning Defendant's response to Plaintiff's complaints is the affidavit of Timm Stoudt, which avers that Stoudt "thoroughly investigated" Mr. Brown's complaints and that "[t]he complaints were found to be without any basis." Def.'s Mot. for Summ.J.Ex. C (Affidavit of Timm Stoudt). Plaintiff's allegations in his memoranda and pleadings and his protestation that this affidavit is "suspicious" because Defendant has failed to submit affidavits of Steigerwalt or a compliance officer of Defendant are insufficient to repel summary judg-

416

ment. *See Schoch v. First Fidelity Bancorporation,* 912 F.2d 654, 657 (3d Cir.1990). Plaintiff also cannot recover for the tort of intentional infliction of emotional distress with respect to his allegation that Defendant failed to inform his former clients that he was no longer employed by Defendant. Even accepting as true evidence that Plaintiff received telephone calls from former clients, Defendant's inaction does not rise to the level of extreme and outrageous conduct as a matter of law. The alleged behavior does not compare to the extreme outrage of a physician knowingly supplying newspaper reporters with false information that a football player was suffering from a possibly fatal illness, as was the case in *Chuy v. Philadelphia Eagles Football Club,* 595 F.2d 1265 (3d Cir.1979). *See also Cox v. Keystone Carbon Co.,* 861 F.2d 390, 394–96 (3d Cir.1988) (holding that firing an employee the day he returned to work from a leave of absence during which he had triple bypass surgery was not outrageous conduct); *Cautilli v. GAF Corp.,* 531 F.Supp. 71, 74 (E.D.Pa.1982) (holding that tricking an employee into forgoing other employment was not outrageous conduct).

 Plaintiff's claims for negligent infliction of emotional distress also fail. Unless the emotional distress accompanies physical impact or its threat, *Niederman v. Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970), or the contemporaneous observance of injury to a close family member, *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), infliction of emotional distress must be intentional or reckless to be actionable. *Miller v. Aluminum Co. of Am.,* 679 F.Supp. 495, 508 (W.D.Pa.), *aff'd,* 856 F.2d 184 (3d Cir.1988).

### D. *Loss of Consortium*

 Finally, Defendant is entitled to judgment as a matter of law on Mrs. Brown's loss of consortium claim. In Pennsylvania, a wife may not recover for loss of consortium in the absence of her husband's right to recover. *Murray v. Commercial Union Ins. Co.,* 782 F.2d 432, 437–38 (3d Cir.1986); *Quitmeyer v. Southeastern Pa. Transp. Auth.,* 740 F.Supp. 363, 370 (E.D.Pa.1990); *Little v. Jarvis,* 219 Pa.Super. 156, 280 A.2d

617 (1971). Thus, because Mr. Brown cannot recover, neither may Mrs. Brown.

### III. *Conclusion*

For the reasons stated above, Defendant's motion for summary judgment is **GRANTED.** Judgment shall be entered in favor of Defendant and against Plaintiffs.