MARK, J.,
This case is before the court on defendants’ motion for summary judgment. All relevant depositions have been taken, the pleadings have closed, and discovery is complete. The parties have appeared before the court for oral argument and have fully briefed the issues. This matter is now ripe for disposition. For the reasons that follow, we will grant the motion.
*532 Background
This case involves a slip and fall accident occurring on property owned by defendants, commonly known as “The Crossings Premium Outlets” (“The Crossings”). On July 21, 2006, Allyson Smith was patronizing The Crossings with her husband, Scott Smith, and their two children. While walking down a stairwell within the premises, plaintiff slipped and fell, sustaining personal injuries. Although Mrs. Smith does not know what caused her to fall, testimony offered by her husband during his deposition, when viewed in light of the applicable standards, indicates that Mrs. Smith slipped and fell on a french fry or hamburger bun fragment located on the stairwell. After the fall, Mr. Smith assisted Mrs. Smith, informed The Crossings security staff of the incident, and transported his wife to a hospital in Hackettstown, New Jersey.
On December 4, 2008, plaintiffs filed a two-count complaint against defendants. In Count I, Mrs. Smith pleads a claim for negligence in which she seeks damages for physical, mental, and emotional injuries sustained as a result of the fall. In Count 2, Mr. Smith asserts a claim for loss of consortium.
Defendants filed a motion for summary judgment contending there are no genuine issues of material fact on the issue of negligence, so summary judgment is appropriate. Defendants assert that plaintiffs cannot establish the essential elements of their claim for relief since: (1) they have failed to establish the existence of a dangerous condition; and (2) they cannot establish defendants had constructive notice of the alleged dangerous condition that existed in the stairwell.
*533 Discussion
Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, summary judgment is appropriate only:
(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery; or
(2) if after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.
Pa.R.C.P. 1035.2. A motion for summary judgment may only be entered if the pleadings, depositions, affidavits, and all other materials together show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Swartley v. Hoffner, 734 A.2d 915, 918 (Pa. Super. 1999). An issue is “genuine” if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party’s favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A motion for summary judgment will be granted only in cases free and clear from doubt. Price v. Leibfried, 34 A.3d 1279 (Pa. Super. 2011).
In considering a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. Chada v. Chada, 756 A.2d 39, 42 (Pa. Super. 2000) (quoting Adamski v. Allstate Insurance Co., 738 A.2d 1033, 1035-36 (Pa. Super. 1999)). However, the non-moving party may not rest upon the mere allegations *534 or denials of the pleadings to demonstrate that there is a genuine issue of material fact. Pa.R.C.P. 1035.3(a).
The fact that a fall occurred on defendants’ premises does not automatically give rise to liability. See Gutteridge v. A.P. Green Servs., Inc., 804 A.2d 643, 655 (Pa. Super. 2002). Under Pennsylvania law, a successful negligence claim requires a showing by the plaintiff that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage. See Krentz v. Consol, Rail Corp., 910 A.2d 20, 27 (Pa. 2007); R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005).
In this case, plaintiffs were shopping at The Crossings and had purchased goods prior to the accident. (Allyson SmithDep. 21:04- 24:17, May 19,2010). As such, plaintiffs were business invitees. A landowner owes the highest duty of care to invitees who enter the land for a purpose directly or indirectly connected with the landowner’s business dealings. Gutteridge, supra. A landowner is liable for breach of that duty if “he knows or reasonably should have known of [a defect or] condition on the premises] that involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it, and the [land owner] fails to exercise reasonable care to protect the invitees against the danger.” Blackman v. Federal Realty Investment Trust, 644 A.2d 139, 142 (Pa. Super. 1995) (citing Restatement (Second) of Torts §343 (1965)). However, a landowner is not an insurer of its invitees. See Martino v. Great Atl. & Pacific Tea Co., 213 A.2d 608 (Pa. 1965); Moultrey v. Great Atl. & Pac. Tea. Co., 422 A.2d 593, 596 (Pa, Super. 1980).
*535 In support of their motion for summary judgment, defendants first contend that plaintiffs have not established the requisite defect or dangerous condition on the property. Viewing the record in light of the summary judgment standards, we are compelled to disagree.
A dangerous condition is defined as a condition that involves an unreasonable risk of harm. Steinhouse v. Herman Miller, Inc., 661, A.2d 1379, 1382 (Pa. Super. 1995). As plaintiffs have correctly pointed out, the determination of whether a condition is dangerous is generally a question of fact for the jury. See Kilgore v. City of Philadelphia, 717 A.2d 514 (Pa. 1998); Bendas v. Township of White Deer, 611 A.2d 1184 (Pa. 1992); Mull v. Ickes, 994 A.2d 1137 (Pa. Super. 2010); Mellon v. City of Pittsburgh Zoo, 760 A.2d 921 (Pa. Cmwlth. 2000).
At bar, the pleadings and testimony offered by way of deposition establish that remnants of food were present on the stairwell, resulting in Mrs. Smith’s fall. While Mrs. Smith does not know what caused her to fall, her husband has indicated that she slipped and fell on a french fry or hamburger bun fragment located on the stairwell.
Given the law and standards summarized above, and applying the equally settled principle that a plaintiff need not know the exact cause of her fail and uncertainties as to the evidence must be resolved in a plaintiff’s favor, McMillian v. Mountain Laurel Racing Inc., 367 A.2d 1106, 1111 (Pa, Super. 1976), Mr. Smith’s testimony, viewed in conjunction with other record evidence, is sufficient at this time establish a jury question as to the existence of the requisite defect or dangerous condition.[1]
*536 Defendants next argue that plaintiffs have not established that defendants had actual or constructive notice of the condition that caused Mrs. Smith to fall. As to this contention, we agree with defendants.
In determining whether a landowner had notice of a harmful condition, the following principles apply:
[I]f the harmful transitory condition is traceable to the possessor or his agent’s acts (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. In arelated context, where the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. Where however, the evidence indicated that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner’s ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it.
Porro v. Century III Associates, 846 A.2d 1282, 1285-86 (quoting Myers v. Penn Traffic Co., 414 Pa. Super. 181, 186, 606 A.2d 926, 929 (1992)).
Initially, plaintiffs do not contend and nothing in the record even remotely suggests that the condition is *537 traceable to defendants or their agents. Similarly, there is no evidence that defendants had actual knowledge that the french fry or hamburger bun was present on the stairwell at the time of the fall.
Regardless, plaintiffs make a passing attempt of arguing that, under Section 344 of the Second Restatement of Torts, defendants had actual notice of the defect because it is one that has frequently occurred. In this regard, plaintiffs assert that, from past experience, defendants knew that the negligent acts of other customers would lead to the dropping of debris on the stairwell. (Plaintiffs’ brief, p. 11). They base this assertion on deposition testimony of defendant’s general manager and maintenance supervisors that they were aware that food was sometimes left on the property, that food from surrounding restaurants was brought onto the property, that there are restaurants in The Crossings and debris accumulates more rapidly in areas surrounding the restaurants, that more inspections occur in areas around the restaurants, that there was a restaurant near the stairway in which Mrs. Smith fell, and that debris had been found in the stairway in the past. In addition, they point to the fact that there was some debris other than the french fry or hamburger bun on the stairway on the day Mrs. Smith fell. There is no merit to plaintiffs’ position.
As a basis for their claim that defendants had actual notice based on past experience, plaintiffs aver that “Restatement (Second) of Torts, Section 344 and its comment (f) have long been the law of Pennsylvania.” We have no dispute with this general proposition; however, application of the law to this case does not save the day for plaintiffs.
Section 344 provides that;
A possessor of land who holds it open to the public for *538 entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
(a) discover that such acts are being done or are likely to be done, or
(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.
Restatement (Second) of Torts, § 344.
Comment (f), in turn, states:
f. Duty to police premises. Since the possessor is not an insurer of the visitor’s safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.
Restatement (Second) of Torts, § 344 Comment (f).
Plaintiffs’ reliance on Section 344 and its Comment (f) *539 is misplaced for several reasons. First, plaintiffs effectively argue that Comment (f) expands defendants’ liability. This is incorrect. Comment (f) serves to limit liability and requires only that landowners take reasonable precautions against that which might be reasonably anticipated. See Feld v. Merriam, 485 A.2d 742, 745 (Pa. 1984); Miller v. Peter J. Schmitt & Co., 592 A.2d 1324 (Pa. Super. 1991); Restatement (Second) of Torts, § 344. The comment does not convert landowners into inusrers.
Second, the cases on which plaintiffs principally rely, including Miller v. Peter J. Schmitt & Co., supra, are distinguishable from this case in that they involve third persons who are the landowner’s independent contractors, a scenario that does not apply here. Cases involving independent contractors are controlled by Comment (c) to Section 344, which imposes on the landowner a duty to supervise contractors and concessionaires, and not Comment (f) on which plaintiffs rely.
Further, cases inferring actual notice have found notice based on recurring events or conditions which have caused harm to invitees in the past or from which the likelihood of harm to invitees is obvious, not from the mere fact that a specific condition, which causes injury in the present had occurred generally in the past. See Farina v. Miggys Corp. Five & Six Corp., 2010 WL 3024757 (M.D. Pa. July 29, 2010). In Farina, plaintiffs brought suit after plaintiff wife slipped and fell on a pineapple in the dairy aisle of a supermarket. The plaintiffs argued actual notice should be inferred because the defendant knew of the “recurring condition” whereby patrons consumed items from store shelves and threw the rest onto the floor, and acknowledged that it “happens a lot.” After collecting and analyzing cases in which actual notice was inferred, the District Court rejected the plaintiffs’ implied actual *540 notice argument, finding that “inferring notice because small pieces of fruit have made their way onto the ground via third parties would extend [the inferred actual notice] doctrine far beyond its useful precedent. Id. at *7. The District Court Explained:
The present case differs factually from the cases inferring actual notice from a recurring dangerous condition. Most notably, the dangerous condition here has not occurred so often that it has become “so palpable a reality that notice of it could not be more directly brought home to the involved proprietor if it were written in the skies.” While pineapple and other fruit have been found on the ground on multiple occasions, the plaintiffs have not asserted that store patrons slipping on fruit has become an epidemic at Food Town.
Id. (quoting Morris v. Great Atlantic and Pacific Tea Co., 121 A.2d 135, 138).
Here, the evidence to which plaintiff points the court shows only and merely that food and other debris had in the past been found on The Crossings property. To paraphrase the District Court in Farina, there is no allegation or evidence that patrons slipping on food had “become an epidemic,” or, to use the words of Comment (f), that the safety of visitors had been called into question.
Further, and very significantly, there is no indication that the measures taken by defendants to address the litter fell short of the mark. In this regard, when reasonable preventive measures are enacted, liability should not follow faultless “accidents” in the purest sense of the word. Martino, 213 A.2d at 610. See Farino, supra.
Contrary to plaintiffs’ argument, the summary judgment *541 record, including evidence to which plaintiffs themselves point the court, demonstrates that defendants exercised reasonable precautionary steps to prevent accidents from occurring. The evidence establishes, among other things, that there was a trash can within ten feet of the subject stairwell. (Douglas Smith Dep. 23:6-10; Barney Dep. 13:24-14:1). In addition, common areas are subject to “constant rechecking, checking, rechecking.” (Douglas Smith Dep. 27:9-20). This was a “consistent and redundant process.” (Id. at 27:23-24). Finally, as noted, areas around restaurants are inspected frequently.
On this issue, plaintiffs assert that because there is no tangible evidence of inspections, no maintenance logs are kept, and no checklists of cleaning that was performed are maintained, there is no way for managers or supervisors to know whether their employees were actually performing inspections. (Plaintiffs’ brief, p. 11). As such, plaintiffs aver there is no physical evidence to confirm such testimony and summary judgment cannot be granted on mere testimonial evidence. (Id.). This argument is flawed in that, as this court previously held in Dimino v. Wal-Mart Corp., 83 Pa. D.&C.4th 169, 175 (C.P. Monroe 2007) (Zulick, J.), such an argument improperly reverses the burden of proof and, accordingly, will not be a sufficient reason to deny an otherwise properly supported motion for summary judgment. We adopt the holding and rationale expressed in Dimino, and, for the reasons expressed therein, find plaintiffs’ argument regarding the lack of cleaning and maintenance records unavailing.
As to constructive notice, plaintiffs bear the burden of proving that a landowner should have discovered the dangerous condition and corrected it. Porro, supra. A plaintiff can satisfy this burden by demonstrating that a hazardous condition existed for such a length of time that *542 in the exercise of reasonable care, the owner should have known of it. Moultrey, supra. See Farina, supra.
“[W]hat ... amountfs] to constructive notice[ ] of a defective or dangerous condition [ ] existing upon a defendant’s premises, necessarily varies under the circumstances of each case.” Loeb v. Allegheny County, 147 A.2d 336, 338 (Pa. 1959). Although courts use several factors to determine whether a landowner had constructive notice of a dangerous condition, evidence as to the length of time between the occurrence of a hazardous condition and the accident is one of the most important factors to consider. Neve v. Insalaco’s, 111 A.2d 786, 791 (Pa. Super. 2001). The duration of the hazard is important because if a hazard existed for only a short period of time before causing injury, then the landowner would not, even if exercising reasonable care, discover the hazard,
Accordingly, where there is no evidence beyond the mere existence of a defect and the duration of time a hazardous condition existed is not established, courts routinely grant motions for summary judgment as the plaintiff cannot establish that the defendant breached a legal duty owed, a prerequisite to a finding of negligence. See Martino, supra (affirming trial court’s compulsory non-suit where plaintiffs presented no evidence as to how grapes landed on the floor or as to how long any grapes might have been there prior to the fall, and holding jurors are not be permitted to reach conclusions based upon guess or conjecture); Myers v. Penn Traffic Co., 606 A.2d 926 (Pa. Super. 1992) (the presence of a grape on the floor due to an unknown cause for an unknown period of time insufficient to establish constructive notice); Moultry, supra (the presence of a cherry on the floor of the produce section due to unknown cause for an unknown period of time insufficient to establish constructive notice); Estate *543 of Swift v. Northeastern Hosp. of Philadelphia, 690 A.2d 719, 722 (Pa. Super. 1997) (the presence of water on a floor from an unknown source for an unknown period of time insufficient to establish the requisite notice); Dimino, supra (granting defendant’s motion for summary judgment where plaintiff failed to produce evidence sufficient to infer constructive notice). See also, Loeb, supra; Porro, supra.
In the instant case, plaintiffs have not established and nothing in the records even suggests how long the french fry or bun was on the steps before Mrs. Smith fell. Likewise, there is no evidence that any person, including defendants’ employees, defendants’ other customers, or anyone else observed the french fry or hamburger bun fragments on the steps before the accident. In fact, Mrs. Smith did not observe the substance and Mr. Smith testified that he did not notice any debris on the stairwell prior to Mrs. Smith’s fall, despite the fact that he descended the stairwell ahead of her. (Douglas Smith Dep. 14:15-16:5).
Plaintiffs point to the fact that the french fry or hamburger bun was “squished.” However, the mere crushing or smearing of an object is insufficient to infer constructive notice. While the french fry or hamburger bun fragment may have been on the stairway for a long time, it is equally possible that the substance could have been dropped there moments before Mrs. Smith walked by. Moreover, Mrs. Smith herself may have stepped on and squished the french fry or bun. In this regard, Mr. Smith testified that the stairwell was crowded. (Douglas Smith Dep. 22:01-07). Thus, squished or not, when Mrs. Smith came in contact with it, the substance could have been dropped, stepped on, or both shortly beofore Mrs. Smith’s fall. See Toney v. Boardwalk Regency Corp., 2010 WL 148805 (D.N.J. 2010). Stated another way, there is no *544 evidence as to the appearance or condition of the french fry and hamburger bun fragment at the time Mrs. Smith slipped and fell. Accordingly, the condition of the substance after the fail cannot establish, even circumstantially, that the substance was present on the floor long enough to infer constructive notice. Quite simply, the squished nature of the substance does not and cannot establish the requisite constructive notice.
In sum, even viewing the record in the light most favorable to plaintiffs, we find that plaintiffs have failed to show that defendants had actual or constructive notice of the condition on the stairway that caused Mrs. Smith to slip and fall. As a result, Mrs. Smith’s negligence claim cannot stand and defendants are entitled to judgment as a matter of law.[2]
For the foregoing reasons, we enter the following:
ORDER
And now, this 29th day of December, 2014, it is ordered that defendants’ motion is grafted. Judgment is entered in favor of defendants Chelsea Pocono Finance, LLC, Chelsea Property Group, Inc., Chelsea Property Group, CPG Partners, L.P., CPG Holdings, LLC, Simon Property Group, Inc., and Simon Property Group, L.P., and against plaintiffs Ally son Smith and Scott Smith.

. In this regard, we additionally note that Douglas Smith, general manager of The Crossings, acknowledged that “any foreign object that’s not attached to the stairs could certainly fall in [the] kind of category” of *536 conditions that create a hazard or danger for a fall. (Douglas Smith Dep. 46:13-20, May 19, 2010).

. Under Pennsylvania law, a claimant may recover for loss of consortium stemming from tortious physical injury to his or her spouse. Darr Constr. Co. v. Workmen’s Comp. Appeals Bd., 715 A.2d 1075, 1079-80 (Pa. 1996). If the underlying negligence claim brought by the claimant’s spouse is dismissed, however, the loss of consortium claim must also be dismissed. Little v. Jarvis, 280 A.2d 617 (Pa. Super. 1971); Scattaregia v. Shin Shen Wu, 495 A.2d 552, 554 (Pa. Super. 1985); Brown v. Peoples Sec. Ins., 890 F. Supp. 411, 416 (E.D. Pa. 1995). Since Mrs. Smith’s negligence claim must be dismissed, Mr. Smith’s derivative loss of consortium claim must be dismissed as well.